**BROWN v. HUNTER, Warden.**

No. 3761.

United States Court of Appeals Tenth Circuit.

Jan. 26, 1949.

Howard F. McCue, of Topeka, Kan., for appellant.

Nicholas R. Voorhis, Lt. Col., JAGD, of Washington, D. C. (Lester Luther, U. S. Atty., and Eugene W. Davis, Asst. U. S. Atty., both of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

PHILLIPS, Chief Judge.

This is an appeal from a discharge of a writ of habeas corpus.

Brown, the petitioner, was convicted by a general courts-martial board for rape in violation of Article of War 92.[1] The sentence, as announced by the president of the board, was as follows:

"Upon closed session of the Court, three-fourths of all members present at the time the vote was taken concurring, sentences you to be dishonorably discharged the service, to forfeit all pay and allowances due or to become due, and to be confined at hard labor, at such place as the reviewing authority may direct, for the term of your natural life."

---

[9] Render v. Arkansas Valley Trust Co., 8 Cir., 196 F. 1, 4; Postal Telegraph-Cable Co. v. Northern Pacific Ry. Co., 9 Cir., 211 F. 824, 827.

[1] 10 U.S.C.A. § 1564, which provides, in part: "Any person subject to military law who commits murder or rape shall suffer death or imprisonment for life, as a court-martial may direct; * * *."

At the time of the pronouncement, the board made the following statement: "The Court announces a recommendation for clemency will be submitted."

Subsequently, the members of the board sent a communication entitled "Recommendation of Clemency" to the Commanding General of the Fourth Air Force, which, in part, was as follows:

"By virtue of the premises, the court is of the opinion that the minimum mandatory sentence permitted in this case by the Manual for Courts Martial, which the court pursuant thereto rendered, is too severe under all the facts and circumstances and is not warranted by the record.

"3. Four members of the Court are of the opinion that confinement at hard labor for a period of ten years, and the other three members of the Court are of the opinion that confinement at hard labor for a period of five years, will work substantial justice in this case and would be a more appropriate sentence.

"4. Accordingly, the Court recommends clemency for the accused. It is therefore recommended by the Court that the period of confinement at hard labor be reduced to a term of either ten or five years, as the reviewing authority may determine to be proper and just in the premises."

In accordance with Article of War 50-½ [2] the sentence was reviewed by a board of review which board approved the sentence but reduced the period of confinement to ten years upon the recommendation of the Judge Advocate General. Petitioner's sentence was subsequently twice reduced to 8 years and 7 years' confinement by order of the President.

While confined in the United States Penitentiary at Fort Leavenworth, Kansas, petitioner, on May 27, 1948, by habeas corpus, sought release on the ground that the sentence and conviction were void. The trial court denied his petition and this appeal followed.

Article of War 43 [3] provides:

"No person shall, by general court martial, be convicted * * * for an offense in these articles expressly made punishable by death; nor sentenced to life imprisonment, nor to confinement for more than ten years, except by the concurrence of three-fourths of all the members present at the time the vote is taken."

Petitioner contends that since it was necessary for three-fourths of the members of the board to concur for a valid sentence of life imprisonment, the board's statement, in its recommendation for clemency, that the sentence was not warranted by the record, shows that the requisite number of members did not concur in the sentence.

Paragraph 81, Manual for Courts-Martial, [4] in part, provides:

"When a court-martial has sentenced an accused, the court will at once announce the findings and sentence in open court, * *.

"After such announcement * * *, the defense may submit in writing for attachment to the record any matters as to clemency which it desires to have considered by the members of the court or the reviewing authority. The rules of evidence are not applicable to such matters.

"One or more recommendations to clemency, each signed by the members joining therein, may be submitted to the trial judge advocate for forwarding with the record. Such recommendation may include a recommendation for the suspension of all or part of the sentence, including a sentence of dishonorable discharge. It should be specific as to amount and character of clemency recommended and as to the reasons for the recommendation."

Petitioner's contention is unsound. The recommendation of clemency was no part of the findings or the sentence of the board. It did not become part of the record submitted to the appellate authority but was merely forwarded with the record. In nowise could it affect the authority of the

---

[2] 10 U.S.C.A. § 1522.
[3] 10 U.S.C.A. § 1514.
[4] The Manual for Courts-Martial is published by Presidential Order, Executive Orders, No. 4773, November 29, 1927; No. 8727, April 1, 1941; No. 9048, February 3, 1942, 10 U.S.C.A. § 1530 note; No. 9216, August 7, 1942; No. 9267, November 9, 1942, 10 U.S.C.A. § 1530 note; No. 9324, March 31, 1943, under statutory authority of Article of War 38, 10 U.S.C.A. § 1509.

sentence but was directed solely to the power of the appellate authority to mitigate or remit the sentence under Article of War 50.[5]

The mandatory provisions of Article of War 92 imposed a compulsory duty upon the board to sentence petitioner to death or life imprisonment upon a finding of guilt. It had no alternative but to comply with the legislative direction. It could, however, in the event of palliating circumstances, recommend clemency through the channels provided for such a procedure.

We conclude the detention is lawful.

Affirmed.

[5] 10 U.S.C.A. § 1521, which provides, in part:

"The power to order the execution of the sentence adjudged by a court-martial shall be held to include, inter alia, the power to mitigate or remit the whole or any part of the sentence. * * *

"When empowered by the President so to do, the commanding general of the Army in the field or the commanding general of the territorial department or division, may approve or confirm and commute (but not approve or confirm without commuting), mitigate, or remit and then order executed as commuted, mitigated, or remitted any sentence which under these articles requires the confirmation of the President before the same may be executed. * * *"