## ANDERSON v. HUNTER.

No. 3953.

United States Court of Appeals
Tenth Circuit.

Nov. 3, 1949.

Appellant pro se.

Lester Luther, United States Attorney, Malcolm Miller, Assistant United States Attorney, Topeka, Kan., Reginald C. Miller, Lieutenant Colonel, JAGC, Office of the Judge Advocate General, Washington, D. C., and Samuel S. Lionel, Captain, JAGC, Office of the Judge Advocate General, Washington, D. C., were on the brief for appellee.

Before BRATTON and HUXMAN, Circuit Judges, and RICE, District Judge.

BRATTON, Circuit Judge.

This is an appeal from a judgment of the United States Court for Kansas denying the petition of Paul L. Anderson for a writ of habeas corpus to obtain discharge from further custody in the federal penitentiary at Leavenworth, Kansas. The

facts are not in dispute. Appellant was a member of the armed forces of the United States. He was charged under the Ninety-second Article of war, 10 U.S.C.A. § 1564, with the crime of murder. Tried before a general court-martial, he was found guilty and sentenced to confinement for his natural life. The sentence was later reduced to ten years, and appellant was confined in the penitentiary at Leavenworth for its service.

■ The conviction and sentence of the court-martial are challenged on the ground that the court was not legally constituted. The argument in support of the contention is that one member of the court was excused and was not replaced. The Fifth Article of War, 10 U.S.C.A. § 1476, provides that general courts-martial may consist of any number of officers not less than five. When the court-martial convened for the hearing of the charge against appellant, seven members were present. One member was challenged, excused, and not replaced. But six members of the court remained and participated in the trial, the finding of guilt, and the fixing of the punishment. That complied in all respects with the requirements of the Fifth Article insofar as the personnel of the court was concerned.

■ The conviction and sentence of appellant are attacked on the further ground that less than the full membership of the court-martial concurred therein. It is contended that the unanimous concurrence of all members of the court was required. The record affirmatively discloses that three-fourths of the members of the court concurred in the conviction and in the sentence. And under the controlling Articles of War the unanimous concurrence of all members of the court in the conviction and sentence is not required in a case in which the charge is murder and the sentence is life imprisonment. In a case of that kind it is sufficient if two-thirds or more of the members of the court concur in the conviction and three-fourths or more concur in the sentence. Stout v. Hancock, 4 Cir.,

146 F.2d 741, certiorari denied, 325 U.S. 850, 65 S.Ct. 1086, 89 L.Ed. 1971.

■ The remaining contention of appellant is that the sentence under which he is confined is void for the reason that he was twice placed in jeopardy for the same offense. The Fifth Amendment to the Constitution of the United States provides that no person shall be twice put in jeopardy for the same offense; and the Fortieth Article of War, 10 U.S.C.A. § 1511, provides among other things that no person shall without his consent be tried a second time for the same offense, and that no authority shall return a record of trial to any court-martial for reconsideration of the sentence originally imposed with a view to increasing its severity, unless such sentence is less than the mandatory sentence fixed by law for the offense or offenses upon which a conviction has been had. At the conclusion of the trial of appellant before the court-martial, the court closed, upon secret ballot with three-fourths of the members of the court concurring appellant was found guilty, and his punishment fixed at twenty years confinement. The court was opened and the sentence announced. Thereupon the attention of the court-martial was called to the fact that under the Ninety-second Article of War the punishment, for the crime of murder was death or life imprisonment, as the court-martial might direct. The court immediately closed, another secret ballot was taken, three-fourths of the court concurred in fixing the punishment at life imprisonment, the court was opened, and the sentence was announced. All of that was done without cessation or termination of the proceedings. The first sentence was not one sanctioned by law. The only sentence the court-martial had authority to impose was death or life imprisonment. The court could choose between those two, but it had no other alternative. Brown v. Hunter, 10 Cir., 172 F. 2d 487, certiorari denied, 336 U.S. 969, 69 S.Ct. 940.

The second sentence being the minimum authorized by law and being fixed and announced almost immediately after the first

did not constitute double jeopardy within the meaning of the constitutional provision or the Article of War to which reference has been made. Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818.

The Judgment is

Affirmed.