**Orville McKINNEY, Appellant,**

v.

**WARDEN, UNITED STATES PENITEN-TIARY, LEAVENWORTH, KANSAS,**
**Appellee.**

**No. 6233.**

United States Court of Appeals
Tenth Circuit.

Dec. 29, 1959.

Roy Cook, Kansas City, Kan., for appellant.

William M. Burch II, Major, U. S. Air Force, Office of the Judge Advocate General, Washington, D. C. (Wilbur G. Leonard, U. S. Atty., and E. Edward Johnson, Asst. U. S. Atty., Topeka, Kan., were with him on the brief), for appellee.

Before MURRAH, Chief Judge, BREITENSTEIN, Circuit Judge, and CHRISTENSON, District Judge.

BREITENSTEIN, Circuit Judge.

This appeal is from a judgment discharging a writ of habeas corpus. In 1945 McKinney, then a private in the Army Air Forces stationed at Lowry Field, Denver, Colorado, was convicted by a duly constituted general court-mar-

tial of the offenses of rape and sodomy in violation of Articles of War 92 and 93, respectively,[1] and sentenced to life imprisonment at hard labor. On a former appeal, McKinney v. Finletter, 10 Cir., 205 F.2d 761, it was held that the sentence to hard labor was improper and that the sentence to life imprisonment was valid.

McKinney now urges that he was denied effective assistance of counsel in violation of his constitutional rights. The limited scope of review in a matter such as this is well defined. On habeas corpus civil courts will consider claims of military prisoners that they were denied constitutional rights only if the military tribunals have failed or refused to give fair consideration to such claims.[2] If an available contention is not asserted at the court-martial trial or within the military structure, it may not thereafter be raised on habeas corpus.[3] The contention of ineffective counsel was one which could have been, but was not, raised during the military procedures. It is not now reviewable by the civil courts. The trial court recognized this rule but examined the transcript and held that the contention was without merit. We agree.

A life sentence was imposed. Two-thirds of the court-martial concurred in the conviction and three-fourths in the life sentence. McKinney asserts that a concurrence of three-fourths in the conviction is required.

Article of War 43[4] provides that where a death sentence is mandatory or where death is imposed as punishment the action must be by unanimous vote. On offenses for which the death penalty is not mandatory, two-thirds vote is required for conviction. For a sentence to be for life or for more than ten years, a concurrence of three-fourths is required in the sentence.

In respect to punishment for murder, Article of War 92 provides punishment of "death or imprisonment for life, as a court-martial may direct." As to rape the same article fixes the penalty as "death or such other punishment as a court-martial may direct." In Anderson v. Hunter, 10 Cir., 177 F.2d 770, 771, this court followed Stout v. Hancock, 4 Cir., 146 F.2d 741, 744, certiorari denied 325 U.S. 850, 65 S.Ct. 1086, 89 L.Ed. 1971, and held that when the charge is murder and the sentence life imprisonment it is sufficient if two-thirds or more concur in the conviction and three-fourths or more in the sentence. The same rule applies when the charge is rape. Hence, the action of the court-martial was proper.

Finally, it is contended that the general court-martial was without authority to try McKinney. Our attention is directed to nothing which sustains this contention and an examination of the record shows it has no merit.

Affirmed.

1. 10 U.S.C., 1946 Ed., §§ 1564, 1565, now 10 U.S.C.A. §§ 918, 920, 925.

2. Burns v. Wilson, 346 U.S. 137, 144, 73 S.Ct. 1045, 97 L.Ed. 1508; Easley v. Hunter, 10 Cir., 209 F.2d 483, 487.

3. Burns v. Wilson, supra, 346 U.S. at page 145, 73 S.Ct. at page 1050; Bennett v. Davis, 10 Cir., 267 F.2d 15, 17.

4. 10 U.S.C., 1946 Ed., § 1514, now 10 U.S.C.A. § 852. This article reads as follows:
"No person shall, by general court martial, be convicted of an offense for which the death penalty is made mandatory by law, nor sentenced to suffer death, except by the concurrence of all the members of said court martial present at the time the vote is taken, and for an offense in these articles expressly made punishable by death; nor sentenced to life imprisonment, nor to confinement for more than ten years, except by the concurrence of three-fourths of all the members present at the time the vote is taken. Conviction of any offense for which the death sentence is not mandatory and any sentence to confinement not in excess of ten years, whether by general or special court martial, may be determined by a two-thirds vote of those members present at the time the vote is taken. All other questions shall be determined by a majority vote."