Patrick R. **KENNEDY**, Petitioner,

v.

**COMMANDANT, UNITED STATES DISCIPLINARY BARRACKS FORT LEAVENWORTH, KANSAS**, Respondent.

No. 4098 H. C.

United States District Court
D. Kansas.
Oct. 14, 1966.

---

3. ORS 28.010 et seq.

L. D. McDonald, Jr., Kansas City, Kan., and J. Whitfield Moody, Kansas City, Mo., for petitioner.

F. Russell Millin, U. S. Atty., and John Kapnistos and Clifford M. Spottsville, Asst. U. S. Attys., Kansas City, Mo., Abraham Nemrow, Lt. Col., JAGC, Dept. of the Army, and Bruce E. Stevenson, Maj., JAGC, Dept. of the Army, Washington, D. C., for respondent.

## OPINION

ARTHUR J. STANLEY, Jr., Chief Judge.

In this habeas corpus proceeding, transferred from the United States District Court for the Western District of Missouri, the facts are not disputed. The petitioner is now in the custody of the respondent by authority of two convictions by two separate special courts-martial, each resulting in a sentence of confinement for a period of six months and forfeiture of pay. He is presently serving the sentence imposed June 10, 1966. The petitioner is and was a person subject to military law within the meaning of Article 2 of the Uniform Code of Military Justice (10 U.S.C.A. § 802). The special courts-martial were properly constituted and had jurisdiction over the petitioner and of the offenses charged. The sentences were within legal limits and within the power of the courts-martial to adjudge. The record of each trial was reviewed as required by law and was approved as legally sufficient. The sentence in each case was approved by the convening authority, and both have become final under military law, with no further military appellate review available.

Before his second trial, the petitioner objected to being tried by special court-martial, "without being represented by a qualified lawyer." He requested that Captain Gary L. Taylor, "or any other qualified lawyer in military service," be appointed to defend him; or in the alternative, that "a qualified civilian lawyer be hired at government expense." He submitted with his request an affidavit of indigency which in the federal civilian courts would meet the requirements of 28 U.S.C.A. § 1915. His request was forwarded by the convening authority to his next superior authority and there denied. (See Paragraph 48 (b), Manual for Courts-Martial, 1951). He renewed his objection and request at the trial. Neither trial counsel who prosecuted the petitioner nor the officer who defended him was a judge advocate, a law specialist, a graduate of an accredited law school, or a member of the bar of any court. (See Article 27, Uniform Code of Military Justice (10 U.S. C.A. § 827)).

The question—squarely presented—is whether the right to assistance of counsel avouched by the Sixth Amendment applies to proceedings before special courts-martial. The basic question has, I think, been answered by the Supreme Court, by the United States Court of Military Appeals and by this court.

Among the powers conferred upon Congress by Section 8, Article I of the

Constitution of the United States is the authority "To make Rules for the Government and Regulation of the land and naval Forces." It is under this grant of power that Congress has adopted the Uniform Code of Military Justice. In Articles 27 and 38 of the Code (10 U.S.C.A. §§ 827 and 838) Congress has prescribed the qualifications of trial and defense counsel in military courts-martial.

The Supreme Court, as noted by Judge Kilday in United States v. Culp, 14 USCMA 199, 204, has "consistently recognized an overriding power in the Congress on the subject of military justice."

In Reid v. Covert, 354 U.S. 1, 19, 77 S.Ct. 1222, 1231, 1 L.Ed.2d 1148 (1957), Mr. Justice Black stated:

"Article I, § 8, cl. 14 empowers Congress 'To make Rules for the Government and Regulation of the land and naval Forces.' It has been held that this creates an exception to the normal method of trial in civilian courts as provided by the Constitution and permits Congress to authorize military trial of members of the armed services without all the safeguards given an accused by Article III and the Bill of Rights."

Speaking for the Court, Mr. Chief Justice Vinson, in Burns v. Wilson, 346 U.S. 137, 140, 73 S.Ct. 1045, 1047, 97 L.Ed. 1508 (1953), said:

"Military law, like state law, is a jurisprudence which exists separate and apart from the law which governs in our federal judicial establishment. This Court has played no role in its development; we have exerted no supervisory power over the courts which enforce it; the rights of men in the armed forces must perforce be conditioned to meet certain overriding demands of discipline and duty, and the civil courts are not the agencies which must determine the precise balance to be struck in this adjustment. The Framers expressly entrusted that task to Congress."

In the concurring opinion in the *Burns* case, Mr. Justice Minton, referring to Article I, Section 8, says:

"This grant to set up military courts is as distinct as the grant to set up civil courts. Congress has acted to implement both grants. Each hierarchy of courts is distinct from the other. We have no supervisory power over the administration of military justice, such as we have over civil justice in the federal courts. Due process of law for military personnel is what Congress has provided for them in the military hierarchy in courts established according to law. If the court is thus established, its action is not reviewable here. Such military court's jurisdiction is exclusive but for the exceptions contained in the statute, and the civil courts are not mentioned in the exceptions. 64 Stat. 115, 50 U.S.C. (Supp. V) § 581." (p. 147, 73 S.Ct. p. 1051).

Judge Kilday, in his opinion in United States v. Culp, supra, after discussing the right of military personnel to counsel from the early common law to the present, concludes that:

"In the light of the long-continued and consistent interpretation of the Sixth Amendment it cannot be taken to have extended the right to counsel, which did not exist at common law before courts-martial." (pp. 215–216).

This court has held in LeBallister v. Warden, 247 F.Supp. 349, that military personnel tried by courts-martial are not, as a matter of right under the Sixth Amendment, entitled to assistance of counsel.

Under Article 38(b) of the Code (10 U.S.C.A. § 838(b)), an accused has the right to representation by civilian counsel, "if provided by him." Because the petitioner was financially unable to retain counsel, he contends, citing Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); and Application of

Stapley, 246 F.Supp. 316 (D.Utah 1965), that he was denied due process of law. He argues that the refusal to provide him with a lawyer, when an accused having sufficient means could have employed one, amounted to invidious discrimination between rich and poor.

The Supreme Court held in *Johnson* that compliance with the Sixth Amendment "is an essential jurisdictional prerequisite to a federal court's authority." By Gideon, the court extended the Sixth Amendment right to counsel to indigent defendants in state courts by way of the due process clause of the Fourteenth Amendment. Johnson and Gideon were civilians, tried in civilian courts. Both were entitled to the protections given them by Article III and the Bill of Rights. Stapley, a soldier, was entitled to and received the benefit of the safeguards provided by Congress acting under Article I. While Judge Christensen, in *Stapley*, mentioned the petitioner's indigency, the decision was based upon his view of the applicability of the Sixth Amendment to court-martial proceedings.

Congress, in exercising the power granted by Clause 14, did not lose sight of the fundamental rights of military defendants. The Code of Military Justice contains many provisions closely paralleling the protections given civilian defendants by the Bill of Rights. And in its concern that a member of the Armed Forces not lose the very liberties his service is designed to protect, the Court of Military Appeals has fashioned the doctrine of "Military Due Process." By the application of this doctrine, and in compliance with the Uniform Code, military tribunals, whatever abuses may have existed in the past, are required to accord an accused fair treatment. This ad-mirable result has been achieved, not through direct extension of the Bill of Rights to servicemen, but by the exercise by Congress of its constitutional powers. The Court of Military Appeals, in declaring its concept of "Military Due Process," was careful to say:

"For our purposes, and in keeping with the principles of military justice developed over the years, we do not bottom those rights and privileges on the Constitution. We base them on the laws as enacted by Congress." United States v. Clay, I USCMA 74, 77.

I conclude, as matters of law:

1. An accused before a military court is not entitled as a matter of right under the Sixth Amendment to representation by legally trained counsel. The right of an accused to be so represented at a general court-martial springs not from the Sixth Amendment, but from the action of Congress under Section 8, Article I of the Constitution. No such right is accorded by Congress to one being tried by special court-martial.

2. An indigent accused in a court-martial is not entitled to the appointment of civilian counsel at Government expense.

3. Petitioner's counsel at both courts-martial met the requirements of Article 27 of the Code (10 U.S.C.A. § 827).

4. The petitioner was not denied "military due process" at either of his special courts-martial.

5. The petitioner is lawfully detained by the respondent by virtue of lawful convictions by the special courts-martial.

6. The petitioner is not entitled to a writ of habeas corpus.

The petition is dismissed.