**Patrick R. KENNEDY, Appellant,**

v.

**COMMANDANT, UNITED STATES DISCIPLINARY BARRACKS, FORT LEAVENWORTH, KANSAS, Appellee.**

No. 9203.

United States Court of Appeals
Tenth Circuit.

May 3, 1967.

Lawrence D. McDonald, Jr., Kansas City, Kan., for appellant.

James R. Robinson, Lt. Col., JAGC, Dept. of the Army, Washington, D. C.

(Abraham Nemrow, Lt. Col., JAGC, Dept. of the Army, Washington, D. C., Newell A. George, U. S. Atty., James R. Ward, Asst. U. S. Atty., Topeka, Kan., with him on brief), for appellee.

Before MURRAH, Chief Judge, HILL, Circuit Judge, and EUBANKS, District Judge.

MURRAH, Chief Judge.

This appeal is from an order dismissing a petition for writ of habeas corpus. The petition was filed in the United States District Court for the Western District of Missouri, and an evidentiary hearing was held by that court. Prior to the hearing, but after the petition was filed, the appellant was transferred from Fort Leonard Wood, Missouri, to the United States Disciplinary Barracks at Fort Leavenworth, Kansas. For this reason, and with the consent of all parties, the case was transferred to the United States District Court for the District of Kansas. After considering the record, the transcript of the habeas corpus hearing, and the briefs filed in the case, Chief Judge Stanley dismissed the petition. Kennedy v. Commandant, 258 F.Supp. 967 (D.Kan.1966).

Kennedy is presently serving a sentence imposed on June 10, 1966, following his second special court-martial. It is not contended that the special court was not properly constituted or that it did not have jurisdiction over the appellant and the offense charged. The sentence, as later modified, was within legal limits and within the power of the court-martial to adjudge. The record of the trial was reviewed as required by law, the modified sentence has become final under military law, and no further military appellate review is available.

Prior to trial, Kennedy requested that he be represented by a qualified lawyer, either civilian or military. The request was forwarded by the convening authority to the next higher command where it was denied. Due, in part, to the forfeiture of pay imposed by the prior court-martial, the appellant was without funds to employ private civilian counsel. A non-legally trained officer was appointed to defend him. The prosecuting officer, or trial counsel, was similarly qualified, i. e. see 10 U.S.C. § 827(a), (c).[1]

Appellant contends the military court lost jurisdiction in the case by failing to provide legally trained counsel to defend him. He argues that the provisions of the Sixth Amendment relating to the right to counsel are applicable to all military prosecutions including this special court martial, and that this right was infringed by the appointment of a non-legally trained officer to defend him. He also seems to contend that the defense conducted by a non-legally trained officer pursuant to § 827(c) operated to deprive him of a fair trial in violation of the due process requirement of the Fifth Amendment. Alternatively, he argues that even if the Sixth Amendment right to counsel is inapplicable to military prosecutions and the procedure provided by § 827(c) comports with the requirements of due process, he was nevertheless denied military due process since Article 38(b) of the Uniform Code of Military Justice, 10 U.S.C. § 838(b)[2] grants the absolute right to the assistance of legally trained counsel

---

1. § 827 provides in pertinent part as follows:

"(a) For each general and special court-martial the authority convening the court shall detail trial counsel and defense counsel, and such assistants as he considers appropriate. * * *

"(c) In the case of a special court-martial—

(1) if the trial counsel is qualified to act as counsel before a general court-martial, the defense counsel detailed by the convening authority must be a person similarly qualified; and

(2) if the trial counsel is a judge advocate, or a law specialist, or a member of the bar of a Federal court or the highest court of a State, the defense counsel detailed by the convening authority must be one of the foregoing. * * * *"

2. § 838(b) provides in pertinent part as follows:

"(b) The accused has the right to be represented in his defense before a general

to those financially able to pay for it while failing to provide similar assistance for the indigent.

Judge Stanley held that "An accused before a military court is not entitled as a matter of right under the Sixth Amendment to representation by legally trained counsel.

* * * An indigent accused in a court-martial is not entitled to the appointment of civilian counsel at Government expense.

* * * The petitioner was not denied 'military due process' at either of his special courts-martial." Kennedy v. Commandant, D.C., 258 F.Supp. 967.

■ "At the outset it should be recognized that the range of inquiry in acting upon applications for habeas corpus from persons confined by sentence of military courts is more narrow than in civil cases." Suttles v. Davis, 10 Cir., 215 F.2d 760, cert. den. 348 U.S. 903, 75 S.Ct. 228, 99 L.Ed. 709. "From early times, our courts have recognized that the Constitution confers upon Congress, and not the courts, the power to provide for the trial and disposition of offenses committed by those in the armed forces and that the civil courts are limited to a consideration of the jurisdiction of courts-martial and that they have no supervisory or correcting power over their decisions." Easley v. Hunter, 10 Cir., 209 F.2d 483; Puhl v. United States, March Term 1967, 3 Cir., 376 F.2d 194. "However, in military habeas corpus the civil courts have jurisdiction to determine whether the accused was denied any basic right guaranteed to him by the Constitution." Dixon v. United States, 10 Cir., 237 F.2d 509. In accord, Day v. Wilson, 101 U.S.App.D.C. 69, 247 F.2d 60; Rushing v. Wilkinson, 5 Cir., 272 F.2d 633, cert. den. 364 U.S. 914, 81 S. Ct. 280, 5 L.Ed.2d 229; DeCoster v. Madigan, 7 Cir., 223 F.2d 906; Begalke v. United States, 286 F.2d 606, 148 Ct. Cl. 397, cert. den. 364 U.S. 865, 81 S.Ct.

108, 5 L.Ed.2d 87; Shaw v. United States, 357 F.2d 949, 174 Ct.Cl. 899. If Burns v. Wilson, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508 accomplished nothing else, it "conclusively rejected the concept advocated by Justice Minton that habeas corpus review should be restricted to questions of formal jurisdiction." Gibbs v. Blackwell, 5 Cir., 354 F.2d 469. Where the constitutional issue involves a factual determination, our inquiry is limited to whether the military court gave full and fair consideration to the constitutional questions presented. It is not our duty to re-examine and reweigh each item of evidence which tends to prove or disprove the allegations in the petition for habeas corpus. Dickenson v. Davis, 10 Cir., 245 F.2d 317, cert. den. 355 U.S. 918, 78 S.Ct. 349, 2 L.Ed.2d 278; Thomas v. Davis, 10 Cir., 249 F.2d 232, cert. den. 355 U.S. 927, 78 S.Ct. 385, 2 L.Ed. 2d 358; Bennett v. Davis, 10 Cir., 267 F.2d 15; McKinney v. Warden, 10 Cir., 273 F.2d 643, cert. den. 363 U.S. 816, 86 S.Ct. 1253, 4 L.Ed.2d 1156; Gorko v. Commanding Officer, 10 Cir., 314 F.2d 858, 860; Palomera v. Taylor, 10 Cir., 344 F.2d 937, cert. den. 382 U.S. 946, 86 S.Ct. 405, 15 L.Ed.2d 354.

■ Here Kennedy does not contend that his appointed "counsel" was factually inadequate or ineffective (such a contention must be presented to the military courts, McKinney v. Warden, supra) but argues that the appointment of a non-legally trained officer was a per se violation of his Sixth Amendment right to counsel as well as his Fifth Amendment right to a fair trial. We believe it is the duty of this Court to determine if the military procedure for providing assistance to those brought before a special court-martial is violative of the fundamental rights secured to all by the United States Constitution. As, the Chief Justice has said, "The various opinions of the members of the Court in Burns (supra) * * * do constitute recognition of the proposition that our

or special court-martial by civilian counsel if provided by him, or by military counsel of his own selection if reasonably available, or by the defense counsel detailed under section 827 of this title (article 27). * * * "

citizens in uniform may not be stripped of basic rights simply because they have doffed their civilian clothes." Warren, The Bill of Rights and the Military, 37 N.Y.U. Law Rev. 181, 188 (1961).

The question of the applicability of the Sixth Amendment right to counsel in military prosecutions is the subject of much current discussion and contrariety. In this circuit two distinguished trial judges have arrived at opposite conclusions. Cf. Application of Stapley, D.C., 246 F.Supp. 316, with LeBallister v. Warden, D.C., 247 F.Supp. 349, and Kennedy v. Commandant, supra. The Military Court of Appeals is also divided, see U. S. v. Culp, 14 U.S.C.M.A. 199.

In a scholarly and characteristically forthright treatise on Courts-Martial and the Bill of Rights: The Original Practice II, 72 Harv.L.R. 266 (1958), Mr. Wiener concedes that the framers of the Sixth Amendment did not intend it to apply to courts-martial. And, see opinion of the court by Judge Kilday in United States v. Culp, supra. But, Mr. Wiener contends that it is now time to read this constitutional right into military criminal jurisprudence, see pp. 299 to 304. And see concurring opinions of Chief Judge Quinn and Judge Ferguson in United States v. Culp, supra. Certainly no one can deny that at least the spirit of the Sixth Amendment right to counsel pervades the due process requirements of military justice.

■ In this posture of the law and in the circumstances of this case we deem it unnecessary and inappropriate to resolve the question whether the right to counsel provisions of the Sixth Amendment as recently vitalized in federal prosecutions and made applicable to state prosecutions by force of the Fourteenth Amendment should now be made strictly applicable to military prosecutions; for in any event, we are convinced that the qualifications for counsel prescribed by Congress in Article 27 of the Uniform Code of Military Justice fully comply with the right to counsel requirements of the Sixth Amendment.

■ In considering the adequacy of representation afforded an accused before a special court-martial, it is important that while in this case the charge involved moral turpitude and the liberty of the accused, the penalty for the offense was nevertheless as and for a misdemeanor under the civil law. And, it is an open question whether the Sixth Amendment right to counsel is applicable in misdemeanor cases.[3] It is also noteworthy that the prosecution in this case was conducted by a non-legally trained officer, and that under subsection (c) of Article 27, counsel must be coequal in training, i. e. if the trial counsel is legally trained, the defense counsel must be similarly qualified. The jurisdictional scope and sentencing power of special courts-martial are limited, i. e. see Article 19 Uniform Code of Military Justice, 10 U.S.C. § 819. The practice and procedure is simplified. Every defense officer must be familiar with the Uniform Code and the Manual for Courts-Martial and of necessity is also familiar with the substance of military crimes which comprise the vast majority of cases tried by special courts-martial. See United States v. Culp, supra, especially concurring opinion, p. 217. In view of all this we agree with Chief Judge Quinn's conclusion that

"[T]he singular nature of a special court-martial is such that the existing qualifications for counsel before those courts are reasonably calculated to insure that appointed counsel possess knowledge of the law and procedure normally incident to special court-

---

3. Cf. Winters v. Beck, Ark., 397 S.W. 2d 364 and DeJoseph v. Connecticut, Conn., 220 A.2d 771, with McDonald v. Moore, 5 Cir., 353 F.2d 106; Harvey v. State of Mississippi, 5 Cir., 340 F.2d 263; and Arbo v. Hegstrom, D.C., 261 F.Supp.

397. And see Mr. Justice Stewart's dissenting opinions from denial of certiorari in Winters v. Beck, 385 U.S. 907, 87 S.Ct. 207, 17 L.Ed.2d 137, and DeJoseph v. Connecticut, 385 U.S. 982, 87 S.Ct. 526, 17 L.Ed.2d 443.

martial practice; and, considering the safeguards established by Congress to insure that presumptive skill is demonstrated by actual performance, there is * * * compliance with the mandate of the Sixth Amendment." Id. 218.

For the same reasons it must follow that the representation provided by 27(c) satisfies the Fifth Amendment due process requirement.

What we have said is also apposite to appellant's alternative contention based on his inability to hire private counsel as permitted by Article 38(b). Appellant's argument is that while Congress could properly deny privately retained counsel to all those accused before a special court-martial, it cannot permit the rich to have such assistance but deny it to the poor. The effect of this contention is to incorporate the equal protection clause of the Fourteenth Amendment into the due process clause of the Fifth, and by analogy to cases like Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, and Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, make a case for invidious discrimination amounting to the denial of due process. " * * * [D]iscrimination may be so unjustifiable as to be violative of due process." Bolling v. Sharpe, 347 U.S. 497, 499, 74 S.Ct. 693, 98 L.Ed. 884. But, even so, we do not find that Article 38(b) operates to discriminate against the indigent military accused. If, as we have held, the respresentation by non-legally trained officers provided by Article 27(c) is adequate and effective to secure to an accused the full equivalent of the Sixth Amendment right to counsel, he cannot be disadvantaged by his inability to hire private counsel. To hold otherwise would be to say that an indigent is constitutionally entitled to appointed counsel of his choice. Having been accorded all the Constitution affords, he is entitled to no more.

The judgment is affirmed.