"Plaintiff is a non-commissioned officer with the Air Force and has been continuously in the Service since 1956. Early in 1963, then a Staff Sergeant stationed at Eielson Air Force Base in Alaska, he was convicted by court-martial of having had sexual intercourse with a married woman not his wife. The woman was the wife of another Air Force sergeant stationed at the Base (the sergeant was a friend of plaintiffs), but the offense occurred at the other sergeant’s house a considerable distance off the base. As a result of this court-martial conviction, plaintiff was (as finally determined) stripped of his sergeant’s rank, reduced to the rank of Airman Basic, confined for five months and fourteen days, and compelled to forfeit pay and allowances during his confinement. After his return to duty late in 1963 he again rose through the ranks and at the time this case was submitted to the court he was either a Technical Sergeant or a Master Sergeant. The suit was brought on May 30,1975, to collect back pay and other monies due as a *973 result of the court-martial which was alleged to have been invalid and wrongful, and for other relief. Both parties have moved for summary judgment and the case has been argued orally.
"Plaintiffs first point is that the court-martial was without jurisdiction because the off-the-base offense involving a civilian dependent of a serviceman was not service-connected, and therefore under O’Callahan v. Parker, 395 U.S. 258 (1969), could not have been tried by court-martial in 1963. This court has already rejected comparable arguments in Augenblick v. United States, 206 Ct. Cl. 74, 509 F.2d 1157 (1975), cert. denied, 422 U.S. 1007 (1975), and Gross v. United States, 209 Ct. Cl. 70, 79-80, 531 F.2d 482, 488 (1976), and we see no significant differences here.
"Plaintiffs second point is that his court-martial conviction on the charge of adultery violated his constitutional right of privacy which allegedly protects such sexual conduct between consenting adults. The majority of the court (Judges Kunzig and Bennett) hold that plaintiff is barred from raising this point in this court because he failed to raise it in the military justice system, either at the court-martial or on review within the military system. See Schlesinger v. Councilman, 420 U.S. 738, 756-58 (1975); McKinney v. Warden, 273 F.2d 643, 644 (10th Cir. 1959), cert. denied, 363 U.S. 816 (1960); Harris v. Ciccone, 417 F.2d 479, 484 (8th Cir. 1969), cert. denied, 397 U.S. 1078 (1970). Accordingly, those judges do not reach or consider the merits of the issue. Judge Davis, believing that military counsel could not be expected in 1963 to raise this right-to-privacy argument which has only recently been articulated and developed (cf. Gross v. United States, supra, 209 Ct. Cl. at 75-76, 531 F.2d at 486), would reach the merits of the point and reject it in the circumstances present here.[1]
*974 "it is therefore ordered and concluded that plaintiffs motion for summary judgment is denied, defendant’s cross-motion for summary judgment is granted, and the petition is dismissed.”
Plaintiffs petition for a writ of certiorari was denied May 22, 1978.

 The court-martial record shows that plaintiff and his partner in the adulterous act committed the act in the other sergeant’s house, very near to his presence (he appeared to be sleeping on a nearby couch), and had a post-adultery conversation which was overheard by the sergeant. That sergeant worked on the same base as the plaintiff, and apparently the two were in frequent contact. In that particular set of circumstances, Judge Davis is of the view that plaintiff had no constitutional right-of-privacy protecting his adulterous act from military punishment. Cf. Lovisi v. Slayton, 539 F.2d 349 (4th Cir.), cert. denied, 429 U.S. 977 (1976).