Alvin W. **DODSON,** Jr., Petitioner,

v.

Gordon **ZELEZ,** Commandant, Respondent.

No. 87–3193–0.

United States District Court, D. Kansas.

Nov. 18, 1988.

David J. Waxse, Shook, Hardy & Bacon, Overland Park, Kan., Joseph Remcho, Kathleen J. Purcell, Lowell Finely, Remcho, Johansen & Purcell, San Francisco, Cal., for petitioner.

Alleen S. Castellani, Asst. U.S. Atty., Topeka, Kan., for respondent.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate at the United States Disciplinary Barracks, Fort Leavenworth, Kansas, claims that: (1) he was denied due process of law because he was convicted of a crime carrying a mandatory life sentence by a two-thirds vote of a seven-member court-martial; (2) the selection, composition, and voting requirements of the court-martial denied him due process of law; (3) he was denied his sixth amendment right to a speedy trial because of the six-month delay between his initial confinement and the commencement of trial; and (4) he was denied due process of law because of the exclusion of proffered expert testimony concerning the reliability of a prosecution witness. The court issued a show cause order. The government has filed an answer and return and petitioner has filed a traverse. Having examined the pleadings and materials filed in this case, the court makes the following findings and order.

Petitioner was convicted by a two-thirds vote of a seven-member court-martial in Okinawa, Japan, of attempted robbery, conspiracy to commit robbery, premeditated murder, felony murder, and wrongful communication of a threat, in violation of Articles 80, 81, 118, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 881, 918, and 934. In determining petitioner's sentence, the members of the court-martial failed to vote unanimously to impose the death penalty, as is required by Article 52(b)(2), UCMJ, 10 U.S.C. § 852(b)(2). Petitioner was therefore automatically sentenced to confinement at hard labor for life. *See* Article 118, UCMJ, 10 U.S.C. § 918. In addition, he was sentenced to forfeiture of all pay and allowances, reduction to the lowest enlisted pay grade and a dishonorable discharge. Upon review, the convening authority approved the findings and sentence.

On appeal, petitioner raised seven grounds of error, four of which are raised herein. The Navy–Marine Corps Court of Military Review discussed and dismissed five of the assignments of error and summarily dismissed the remaining two. *United States v. Dodson*, 16 M.J. 921 (N.M.C.M. R.1983). Petitioner subsequently appealed to the Court of Military Appeals, again raising the seven assignments of error presented to the lower appellate court. The Court of Military Appeals granted review on two issues and affirmed the lower courts' findings. *United States v. Dodson*, 21 M.J. 237 (C.M.A.1986). Petitioner's direct appeal was ended on December 8,

1986, when the United States Supreme Court denied his petition for a writ of certiorari. *Dodson v. United States*, 479 U.S. 1006, 107 S.Ct. 644, 93 L.Ed.2d 701 (1986).

*Scope of Review*

The court must first determine the appropriate scope of review to be used in this case. The government urges that petitioner's claims were given "full and fair consideration" by the military courts and that this court therefore lacks jurisdiction to review the claims. In contrast, petitioner argues that the court has the power to review his claims because they are based upon violations of express constitutional mandates and are substantially free of factual questions.

The standard of review for military habeas cases was established by the United States Supreme Court in *Burns v. Wilson*, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508 (1953). In *Burns*, the Supreme Court held that "when a military decision has dealt fully and fairly" with allegations raised in a petition for writ of habeas corpus, "it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." *Burns*, 346 U.S. 137, 142, 73 S.Ct. 1045, 1048. The Court further stated: "It is the limited function of the civil courts to determine whether the military have given fair consideration to each of these claims." Id. at 144, 73 S.Ct. at 1049.

Although often applied, the "full and fair consideration" standard has never been precisely defined by this circuit. In applying the standard, the Tenth Circuit has chosen to give "broad deference to the military". *See Watson v. McCotter*, 782 F.2d 143, 144 (10th Cir.), cert. denied, 476 U.S. 1184, 106 S.Ct. 2921, 91 L.Ed.2d 549 (1986). Further, the circuit has frequently refused to reach the merits of habeas claims, citing the "full and fair consideration" standard. *See Watson*, 782 F.2d 143; *Kehrli v. Sprinkle*, 524 F.2d 328 (10th Cir.), cert. denied, 426 U.S. 947, 96 S.Ct. 3165, 49 L.Ed.2d 1183 (1976). Occasionally, however, the circuit has reviewed habeas claims when "appropriate". *See Mendrano v. Smith*, 797 F.2d 1538 (10th Cir.1986); *Wallis v. O'Kier*, 491 F.2d 1323, 1325 (10th

Cir.), cert. denied, 419 U.S. 901, 95 S.Ct. 185, 42 L.Ed.2d 147 (1974); *Kennedy v. Commandant, U.S. Disciplinary Barracks*, 377 F.2d 339, 342 (10th Cir.1967).

■ Given the nature of petitioner's allegations and the dispute over the appropriate scope of review, the court finds it necessary to more precisely define the "full and fair consideration" standard by defining those factors that are determinative of whether a court can and should review the merits of a given claim. In so doing, the court finds persuasive the Fifth Circuit's decision in *Calley v. Callaway*, 519 F.2d 184 (5th Cir.), cert. denied, 425 U.S. 911, 96 S.Ct. 1505, 47 L.Ed.2d 760 (1976). In *Calley*, the Fifth Circuit held that "the power of federal courts to review military convictions of a habeas petition depends on the nature of the issues raised". *Calley*, 519 F.2d 184, 199. In making this determination, the Fifth Circuit held that four inquiries are necessary: (1) the asserted error must be of substantial constitutional dimension; (2) the issue must be one of law rather than of disputed fact already determined by the military tribunals; (3) military considerations may warrant different treatment of constitutional claims; and (4) the military courts must give adequate consideration to the issues involved and apply proper legal standards. *Calley*, 519 F.2d 184, 199–203. In utilizing these inquiries, the court does not intend to change the scope of review or depart from the broad deference granted to the military by this circuit. Instead, the court is merely relying on factors that have been used by this circuit in previous habeas cases. *See, e.g., Mendrano v. Smith*, 797 F.2d 1538, 1542 n. 6 (10th Cir.1986) (review held to be appropriate because the constitutional issues were substantial and were largely free of factual questions). Having set forth these inquiries, the court now turns to the four claims presented by petitioner.

■ The court finds that it is appropriate to review petitioner's first claim on the merits. First, the claim concerns an alleged deprivation of petitioner's due process rights due to differences in the court-martial voting requirements for conviction

and sentencing. Second, the issue is free of disputed facts. Finally, there appear to be no military considerations that would mandate a different treatment of petitioner's claim.

■ As to the remaining three claims presented by petitioner, the court finds that the military courts gave them full and fair consideration. Petitioner presented each of these grounds to the military courts. The Navy–Marine Corps Court of Military Review discussed and dismissed petitioner's third and fourth claims (speedy trial issue and exclusion of expert testimony) and summarily dismissed the second issue (selection and composition of court-martial). *See United States v. Dodson*, 16 M.J. 921. Although the Court of Military Appeals did not grant review on these issues, this failure does not render petitioner's conviction constitutionally defective. *See Arizona v. Washington*, 434 U.S. 497, 517, 98 S.Ct. 824, 836, 54 L.Ed.2d 717 (1978). Rather, the denial serves *sub silentio* as affirmation of the lower court decisions, and constitutes full and fair consideration of the issues presented. *See, e.g., Watson v. McCotter*, 782 F.2d 143. Although each of these three claims involves a constitutional issue, the court finds no basis for disturbing the findings of the military courts.

### *Constitutionality of court-martial voting requirements*

■ Petitioner argues that he was denied due process of law because of an apparent inconsistency between the voting requirements for the conviction and sentencing of a military defendant charged with a crime carrying a mandatory life sentence. Pursuant to military law, a concurrence of two-thirds of the court members is required to convict a defendant. Article 52(a)(2), 10 U.S.C. § 852(a)(2). After conviction, court-martial members are also required to vote on sentencing. Sentences of more than ten years require the concurrence of three-fourths of the court members. Article 52(b)(2), 10 U.S.C. § 852(b)(2). The apparent inconsistency occurs when a defendant is charged with a crime carrying a mandatory life sentence, such as felony murder or premeditated murder. *See* Article 118, 10 U.S.C. § 918. Because a conviction for such a crime automatically imposes a sentence greater than ten years, petitioner argues that the conviction must be obtained by the same number of votes as is required to impose such a sentence. Therefore, petitioner contends, the court-martial members at his trial should have been instructed that a three-fourths concurrence was necessary to convict petitioner.

The court rejects petitioner's argument. Both military and civil courts have previously dealt with the apparent inconsistency between the court-martial voting requirements for conviction and sentencing. *See McKinney v. Warden*, 273 F.2d 643 (10th Cir.), cert. denied, 363 U.S. 816, 80 S.Ct. 1253, 4 L.Ed.2d 1156 (1960); *Anderson v. Hunter*, 177 F.2d 770 (10th Cir.1949); *United States v. Walker*, 7 C.M.A. 669, 23 C.M.R. 133 (1957). As the courts have concluded, conviction and sentencing are separate functions. *Walker*, 7 C.M.A. 669, 673. "The vote on determination of guilt is taken at the close of the evidence and arguments, and that which fixes the sentence only in the event of a finding of guilty, and then after extenuating and mitigating circumstances and the previous record of the accused—matters normally inadmissible in determining guilt—are presented." *Id.* Because the acts are separate and distinct, Congress is not compelled to establish identical voting requirements or procedures for the acts. *See Walker*, 7 C.M.A. 669, 674. Further, the different voting requirements for conviction and sentencing were fixed by Congress and this court has no authority to legislate by interpreting the statutes in opposition to Congressional intent.

IT IS THEREFORE ORDERED that this action be dismissed and all relief denied. The clerk of the court is directed to transmit a copy of this order to petitioner and to the office of the United States Attorney.