No. 75, Misc. WINTERS v. BECK, PENAL FARM SUPER-
INTENDENT. Sup. Ct. Ark. Certiorari denied. *Jack
Greenberg, James M. Nabrit III* and *Michael Meltsner*
for petitioner. *Bruce Bennett,* Attorney General of
Arkansas, and *William Powell Thompson* and *Fletcher
Jackson,* Assistant Attorneys General, for respondent.

MR. JUSTICE STEWART, dissenting from the denial of
certiorari.

The petitioner, an indigent Negro, was arrested on a
charge of "immorality," a misdemeanor under an ordi-
nance of Little Rock, Arkansas. Later the same day he
was brought before the municipal court, where, after
pleading not guilty, he was tried, convicted, and sen-
tenced to 30 days in jail and a $254 fine, including costs.
He was unable to pay the fine, so his punishment was
converted under the Arkansas "dollar-a-day" statute
(Ark. Stat. Ann. § 19–2416 (1956 Repl. Vol.)) to impris-
onment for 9½ months.

At his trial the petitioner was not represented by
counsel. He did not ask for the assistance of counsel
and was not informed by the trial judge, or by anybody
else, of any right to counsel, appointed or retained. The
judge did not advise him of the nature of the charges
against him, of the possible penalty, or of his right to
make objections, cross-examine witnesses, present wit-
nesses in his own behalf, or to have a trial *de novo* in
the county circuit court under Ark. Stat. Ann. §§ 44–115,
44–509 (1964 Repl. Vol.). Not surprisingly, the peti-
tioner did not object to the evidence offered by the
prosecution, did not cross-examine the prosecution wit-
nesses, did not present witnesses in his own behalf, and
did not exercise his right to a trial *de novo* in the county
circuit court. Also not surprisingly, the petitioner did
not question the vagueness of the charge against him

or the validity of converting a sentence of 30 days into one of 9½ months solely because of his poverty.

From the prison farm where he was incarcerated, the petitioner applied to the Supreme Court of Arkansas for a writ of habeas corpus, upon the ground that he had been unconstitutionally tried and convicted "without the benefit of counsel and without being advised of his rights to counsel." The Arkansas Supreme Court denied relief, holding that the constitutional rule of *Gideon* v. *Wainwright,* 372 U. S. 335, does not apply "in misdemeanor cases."

This decision of the Supreme Court of Arkansas is in conflict with decisions of the United States Court of Appeals for the Fifth Circuit, which has held that indigent defendants have a constitutional right to counsel in misdemeanor cases. *McDonald* v. *Moore,* 353 F. 2d 106; *Harvey* v. *Mississippi,* 340 F. 2d 263. This conflict must be resolved, unless the Constitution of the United States is going to mean one thing in Arkansas and something else in Mississippi.

In *Gideon* v. *Wainwright, supra,* we said that "any person haled into court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him. This seems to us to be an obvious truth." At 344. No State should be permitted to repudiate those words by arbitrarily attaching the label "misdemeanor" to a criminal offense.* I think this Court has a duty to resolve the conflict and clarify the scope of *Gideon* v. *Wainwright.* I do not suggest what the ultimate resolution of this problem should be, but I do suggest that the answer cannot be made to depend upon artificial or arbitrary labels of "felony" or "misdemeanor" attached to

---

*In Arkansas, some misdemeanors are punishable by up to three years' imprisonment. (Ark. Stat. Ann. § 41–805 (1964 Repl. Vol.).)

criminal offenses by 50 different States. Whatever one's view may be as to the appropriate exercise of this Court's certiorari jurisdiction, surely it is at least our duty to see to it that a vital guarantee of the United States Constitution is accorded with an even hand in all the States.

For these reasons I would grant certiorari, hear argument, and decide the important issue which this case clearly presents.

MR. JUSTICE BLACK would also grant the petition for certiorari.