No. 759, Misc. DeJoseph v. Connecticut. Sup. Ct. Conn. and/or App. Div., Cir. Ct. Conn. Certiorari denied. *William D. Graham* for petitioner.

Mr. Justice Stewart, joined by Mr. Justice Black and Mr. Justice Douglas, dissenting from the denial of certiorari.

This case illustrates, in even more compelling terms than *Winters* v. *Beck, ante,* p. 907, the need for this Court to make clear the meaning of *Gideon* v. *Wainwright,* 372 U. S. 335.

The petitioner was charged in a Connecticut court with criminal nonsupport, a misdemeanor under Connecticut law punishable by imprisonment of up to a year. At his arraignment he told the judge that he was indigent, and requested that counsel be appointed. The judge informed him that appointment of counsel was not possible because the charge was only a misdemeanor. At trial, the petitioner again indicated that he wanted counsel, but his request was ignored by the trial judge. He attempted to conduct his own defense, and was convicted and sentenced to six months in jail. The conviction was affirmed by the Appellate Division of the Connecticut Circuit Court. That court noted that the petitioner had failed to request findings on the issue of his indigency, as required by local practice rules, and held that without more proof of indigency he could not claim that he had been deprived of any right to appointed counsel. Clearly, constitutional claims cannot be blocked by such procedural obstacles, in a case where the defendant, appearing alone in court, saw his requests for counsel denied outright by one judge and totally ignored by another.

The petitioner's conviction in this case is squarely at odds with the decision of the Federal District Court for the District of Connecticut in *Arbo* v. *Hegstrom,*

261 F. Supp. 397. Arbo was charged in Connecticut with criminal nonsupport, the identical offense with which the petitioner here was charged and convicted. Unlike the petitioner, Arbo pleaded guilty and never requested that counsel be appointed for him. Nevertheless, the Federal District Judge held that *Gideon* guaranteed Arbo the right to appointed counsel. Arbo's conviction was set aside because he had not been told of his right to counsel, and the State has not appealed.

Arbo was set free. The petitioner, convicted of the same offense in the same State, remains in jail. When the meaning of a fundamental constitutional right depends on which court in Connecticut a person turns to for redress, I believe it is time for this Court to intervene. I would grant certiorari and set this case for argument.