Wayne **SATTERWHITE, Jr.,** Appellant,

v.

**The STATE of Texas,** Appellee.

No. 41010.

Court of Criminal Appeals of Texas.

Feb. 7, 1968.

John F. Evans, Breckenridge, for appellant.

T. J. Rodgers, Dist. Atty., Graham, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Judge.

This is an appeal from an order revoking probation.

On July 26, 1963, appellant was convicted, upon his plea of guilty and waiver of trial by jury, of the offense of burglary and his punishment was assessed at confinement in the penitentiary for a term of five years.

Execution of sentence was suspended and appellant was placed upon probation upon certain terms and conditions.

Among the conditions imposed by the court upon appellant was that he "(a) Commit no offense against the laws of this or any other State, or the United States."

On June 16, 1967, an amended motion to revoke appellant's probation was filed by the state, alleging that appellant had violated the terms and conditions of his probation, among them being that he " 'not commit an offense against the laws of this or any other State of the United States.' "

In support thereof, it was alleged that during the period of probation appellant had been convicted of simple assault in Cause No. 4835 in Stephens County, Texas, on May 16, 1966; that on January 30, 1967, he was convicted of disturbing the peace, in Cause No. 5369, in Stephens County, Texas; and that on April 21, 1967, the said defendant was convicted of "minor in possession" in Stephens County, Texas.

On July 18, 1967, after a hearing, the court entered his order revoking the probation upon a finding that appellant had violated the terms thereof by having committed certain offenses against the laws of this state for which he was convicted in the Justice Court of Stephens County, Texas, in Cause Nos. 4835, 5369, and 5597.

At the hearing, proof was offered by the state which showed that on the 16th day of May, 1966, appellant was convicted in Justice Court, Precinct No. 1, of Stephens County, upon a plea of guilty, in Cause No. 4835, of the misdemeanor offense of simple assault; that on January 30, 1967, he was convicted in the same court in Cause No. 5369, upon a plea of nolo contendere, of the offense of disturbing the peace; and that on April 21, 1967, he was convicted, upon his plea of guilty, in Cause No. 5597, of the offense of "Minor in Possession of Beer."

We are not impressed with appellant's contention that the state should not have been permitted to make proof of the conviction in Cause No. 5597 because the number of the case was not alleged in the state's amended motion to revoke probation and because of variance between the pleading and the proof in the description of the offense for which he was convicted. No exception was filed by appellant to the state's motion to revoke.

It is insisted that the court abused his discretion in revoking the probation because the record shows that appellant was not represented by counsel when convicted in the three cases utilized by the state to revoke the probation.

While the record shows that appellant was not represented by counsel in the three cases, proof was offered by the state through the testimony of Justice of the Peace Dodds and Deputy Sheriff Ragland that, in the cases, appellant was advised of his right to counsel, and waived the services of an attorney.

Appellant, by his testimony, raised a disputed issue of such fact—which was for the trial judge to resolve.

It should be noted that the three convictions of appellant were for misdemeanor offenses for which the punishment was by fine, only. We are aware of no decision by the Supreme Court of the United States granting to an accused the right to appointment of counsel under the decision in Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733, in a misdemeanor case. Cf. Winters v. Beck, 385 U.S. 907, 87 S.Ct. 207, 17 L.Ed.2d 137; De Joseph v. Connecticut, 385 U.S. 982, 87 S.Ct. 526, 17 L.Ed.2d 443. Under the provisions of Art. 26.04 of our Code of Criminal Procedure, a court is only required to appoint counsel for an indigent accused where he is charged with a felony *or a misdemeanor punishable by imprisonment.*

Under the record we find no abuse of discretion in the court's action in revoking the probation.

The judgment is affirmed.