**Wayne Edward HALL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42645.**

Court of Criminal Appeals of Texas.

March 4, 1970.

Rehearing Denied April 29, 1970.

C. Wayne Holder, Freeport (Court Appointed Counsel), for appellant.

Ogden Bass, Dist. Atty., James E. Brown, Asst. Dist. Atty., Angleton, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from an order revoking probation.

The record reflects that on February 3, 1969, the appellant waived a jury trial and entered a plea of guilty before the court to the offense of burglary and was assessed a punishment of six years' confinement in the Texas Department of Corrections. The imposition of the sentence was suspended and the appellant placed on probation for six years subject to certain conditions of probation.

Among such conditions were the following:

"1. Commit no offense against the laws of this State or any other State of the United States of America;

3. Refrain from gambling in all forms, stay away from lounges, dance halls, pool halls, liquor stores, and all other

places where gambling is permitted or liquor sold, except bonafide eating places;

5. Seek and keep lawful employment in some useful occupation;

8. Report to the Probation Officer in person or by letter within five days after being charged with any violation of the laws of the State of Texas, stating the offense and the court in which the charge is filed;

12. Pay $10.00 per month into the Brazoria County Treasury through the Probation Department for the term of the Probation;

13. Pay the court costs in the amount of $55.00.

14. Make restitution in the amount of $175.00 to Rosie B. Higgins, 720 West Ash, Angleton, Texas."

On June 16, 1969, a motion to revoke probation was filed alleging that the appellant had violated his probation in that he

"1. Was duly and legally convicted for the misdemeanor offense of Disturbing the Peace in Cause Number 8347 in the Corporation Court, City of Angleton, Brazoria County, Texas, on 19 March 1969, and received a fine of $50.00.

2. Failed to stay away from lounges where liquor was sold, except bonafide eating places.

3. Failed to seek and keep lawful employment in a useful occupation.

4. Failed to report to the Probation Officer in person or by letter within five days after being charged with a violation of the laws of the State of Texas, stating the offense and the court in which the charge was filed.

5. Failed to stay current in the payment of $10.00 per month into the Brazoria County Treasury through the Probation Department for the term of the Probation.

6. Failed to pay any of the court costs.

7. Failed to pay any of the restitution as required."

After a hearing on June 23, 1969, the trial court revoked probation, finding that the appellant had violated his probation in each instance as alleged in the motion to revoke. Sentence was then pronounced and notice of appeal given.

The appellant contends the evidence is insufficient to sustain revocation of probation on any of the grounds alleged and the court abused its discretion in doing so.

 With regard to probationary conditions relating to the payment of restitution and court costs, there must be a showing at the revocation hearing of the probationer's ability to make the payments required and that the failure to make restitution was intentional, McKnight v. State, Tex.Cr.App., 409 S.W.2d 858, and the failure to pay court costs was willful. Taylor v. State, 172 Tex.Cr.R. 45, 353 S.W.2d 422; see also Campbell v. State, Tex.Cr.App., 420 S.W.2d 715; Cox v. State, Tex.Cr.App., 445 S.W.2d 200 (concurring opinion). The same requirements have been applied to the so called supervisory fee authorized by Article 42.12, Sec. 6a, Vernon's Ann.C.C.P., as amended 1967. Hardison v. State, 450 S.W.2d 638.

 We cannot conclude from a review of the evidence that the State met its burden in this respect. Further, we note that in view of the wording of the conditions of probation as to restitution and court costs no definite date was fixed for the payment of the same, and it would be difficult to conclude that appellant could be said to be in default thereof even at this late date. Certainly the probation officer has no authority to fix or alter the conditions of probation. See Campbell v. State, supra; McDonald v. State, 442 S.W. 2d 386; Cox v. State, supra (concurring opinion).

■ Testimony by a peace officer that he saw appellant at an icehouse across the railroad tracks which sold beer and groceries certainly is not sufficient to sustain a finding that appellant failed to stay away from lounges, where liquor is sold, except bonafide eating places. Nor can we agree that the evidence is sufficient to support a finding that the appellant failed to seek and keep lawful employment in a useful occupation in light of the probation officer's testimony that in the period between February 3 and March 19, 1969, he knew appellant had sought employment at a shrimping school in Freeport, had secured employment as a carpenter's helper at Pearland, and had been reported ill prior to being placed in jail on March 19, 1969.

■ The probation officer did testify that he had not received a report from the appellant within five days after appellant was charged with a violation of the laws of the State of Texas in violation of his conditions of probation. In view, however, of the undisputed testimony that appellant was in jail during the required reporting time and the fact that the probation officer learned of his confinement on March 20, 1969, from the jail list, we would hesitate to conclude that such evidence would support the revocation of probation for this reason.

■ Finally, appellant challenges the validity of his conviction in the Corporation Court of the City of Angleton on March 19, 1969, principally on the grounds that at the time he was indigent and was not informed of his right to counsel in a misdemeanor case. He seeks to distinguish Satterwhite v. State, Tex.Cr.App., 423 S.W.2d 592, on the ground that in Satterwhite there was evidence of waiver of the right to counsel and here there was none.[1] As to his indigency appellant calls attention to the fact that he was committed to jail by the Corporation Court in lieu of the $50.00 fine to be served at $5.00 per day. We need not pass upon the question or rest our decision upon the validity or invalidity of such conviction to determine if appellant violated his probation by committing a penal offense. It is well established that probation may be revoked upon a finding by the court that the terms of probation have been violated and no necessity exists for there first to be a trial and a valid conviction for the offense which is the basis of the revocation. Dunn v. State, 159 Tex.Cr.R. 520, 265 S.W.2d 589; Ex parte Bruinsma, 164 Tex.Cr.R. 358, 298 S.W.2d 838; Ex parte Gomez, Tex.Cr.App., 241 S.W.2d 153; Gorman v. State, 166 Tex.Cr.R. 633, 317 S.W.2d 744; Seymore v. Beto, 383 F.2d 384. Cf. Smothermon v. State, Tex.Cr.App., 383 S.W.2d 929.

■ Constable J. B. Maynard testified he saw appellant disturbing the peace and engaged in a public affray on the night of March 19, 1969. Angleton police officer Mel Sosa related that he had investigated the above described incident and had taken one Tom Ordonez to the police station where Ordonez filed a complaint against the appellant. Testifying in his own behalf appellant admitted being present at the time of the public affray and that he had voluntarily gone to the city hall that night and entered the plea of guilty earlier described. While appellant claimed at the revocation hearing he was only trying to separate Ordonez and another boy at the

1. For a discussion of the right to counsel in all misdemeanor cases see James v. Headley, 5th Cir., 410 F.2d 325, holding that Harvey v. Mississippi, 340 F.2d 263 (5th Cir.), is alive and well and living in the Fifth Circuit. See also McDonald v. Moore, 353 F.2d 106 (5th Cir.); Beck v. Winters, 407 F.2d 125 (8th Cir.); Colon v. Hendry, 408 F.2d 864 (5th Cir.); Boyer v. City of Orlando, 402 F.2d 966. And in Bramlett v. Peterson, D.C., 307 F. Supp. 1311, the Fifth Circuit ordered Florida Justices of the Peace to recognize and protect the right to counsel in misdemeanor cases. Cf. Winters v. Beck, 385 U.S. 907, 87 S.Ct. 207, 17 L.Ed.2d 137; DeJoseph v. Connecticut, 385 U.S. 982, 87 S.Ct. 526, 17 L.Ed.2d 443; Cableton v. State, 243 Ark. 351, 420 S.W.2d 534.

time, we think the evidence is sufficient to have justified the court's finding that appellant violated his probation by committing a penal offense and upon this ground alone the revocation of probation was not an abuse of discretion.

The judgment is affirmed.