

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

February 20, 1974

The Honorable A. Ross Rommel
    Administrator
Texas Traffic Safety Administration
P. O. Box 13449
Capitol Station
Austin, Texas 78711

Opinion No. H- 234

Re: Whether a person
assessed a probated
sentence for drunken
driving may be required
to pay for the expense
of treatment

Dear Mr. Rommel:

Your request for an opinion concerns whether a person assessed a probated sentence for driving while intoxicated may be required to pay the expense of treatment if he is identified to be a problem drinker-driver. The Adult Probation and Parole Law, Art. 42.12, Texas Code of Criminal Procedure, and the Misdemeanor Probation Law, Art. 42.13, Texas Code of Criminal Procedure, govern the terms and conditions of probation. Article 42.12 applies to probation in felony cases and Article 42.13 deals with probation in all misdemeanor cases. See Attorney General Opinion M-985 (1971).

Article 42.12 the Adult Probation and Parole Law, makes a distinction between probation granted by the jury and probation granted by the court. Article 42.12 § 3a states in part, ". . . If probation is granted by the jury the court may impose only those conditions which are set forth in § 6 hereof."

Article 42.12, § 6, states:

> "The court having jurisdiction of the case shall determine the terms and conditions of probation and may, at any time, during the period of probation alter or modify the conditions; provided, however, that the clerk of the court shall furnish a copy of such terms and conditions to the probationer, and shall note the

date of delivery of such copy on the docket.   Terms
and conditions of probation may include, but shall not
be limited to, the conditions that the probationer shall:

"a.   Commit no offense against the laws of this
State or of any other State or of the United States;

"b.   Avoid injurious or vicious habits;

"c.   Avoid persons or places of disreputable
or harmful character;

"d.   Report to the probation officer as directed;

"e.   Permit the probation officer to visit him at
his home or elsewhere;

"f.   Work faithfully at suitable employment as
far as possible;

"g.   Remain within a specified place;

"h.   Pay his fine, if one be assessed, and all
court costs whether a fine be assessed or not, in one
or several sums, and make restitution or reparation
in any sum that the court shall determine; and

"i.   Support his dependents. "

If probation is granted by the jury, the court may not impose treatment of a
problem drinker-driver as a condition.   See O'Neal v. State, 421 S. W. 2d 391
(Tex. Crim. 1967).   However, if the court grants probation, it "shall determine
the terms and conditions of probation" which may include, but are not limited
to, the conditions listed in § 6.   Therefore, the court which grants probation
in felony cases may require the probationer to undergo and to pay for treatment
as a condition of probation.

The Misdemeanor Probation Law, Article 42.13, § 5(b) states in part

> "The period and terms of probation shall be
> designed to prevent recidivism and promote
> rehabilitation of the probationer. . . ."

Section 5(b) further provides for terms which must be included in the probation none of which are for submission and payment of treatment. However, this section leaves to the court's discretion the placing of conditions on probation other than those expressly listed. Attorney General Opinion M-985 (1971) concluded that the court may require a defendant in a misdemeanor case who receives probation to submit to a treatment center in the interest of rehabilitating a defendant and preventing him from committing an additional offense of driving while intoxicated.

To support this holding, the opinion relied on § 5 of Article 42.13 which expressly left to the court the discretion to place conditions on probation over and above certain express conditions. Section 5 (b) specifically directs that the period and terms of a probation "shall be designed to prevent recidivism and promote rehabilitation." Using this same reasoning, it is our opinion that a person may be required to pay the expense of treatment as a condition of probation in misdemeanor cases.

Of course, the ability to pay the expenses of treatment may not be a ground for denying probation, and the failure to pay the expenses of treatment because of financial inability may not be a ground for revocation of probation. See Tate v. Short, 401 U.S. 395 (1971); Matthews v. State, 478 S.W. 2d 943 (Tex. Crim. 1972); Hall v. State, 452 S.W. 2d 490 (Tex. Crim. 1970).

### SUMMARY

1.  If the court and not the jury grants probation in felony cases, the problem drinker-driver may be required to pay for the expense of treatment in accordance with Article 42.12, Texas Code of Criminal Procedure.

2. Under Article 42.13, Texas Code of Criminal Procedure, a person assessed a probated sentence for driving while intoxicated may be required to pay the expense of treatment as a condition of probation in misdemeanor cases.

3. However, the ability to pay the expenses of treatment may not be a ground for denying probation and the failure to pay the expense of treatment because of financial inability may not be a ground for revocation of probation.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee