A jury convicted the defendant of six counts of attempted tampering with a juror in violation of General Statutes 53a-154 (a) and53a-49 (a).[1] He has appealed from the judgment rendered thereon, raising over fifty claims of error.
The jury could readily have found the following facts: Shortly after jurors were notified of their selection for jury service in Geographical Area No. 13 (hereinafter G.A. 13), they began to receive literature through the mail which included copies of the state and federal constitutions and the jurors' creed. Only the defendant requested a list of the jurors who had been called to serve during the July session from the G.A. 13 court clerk. After their selection as jurors on the defendant's case, which involved a charge of driving while his license was under suspension, the jurors received additional mailed material which concerned the charges pending against the defendant. These materials, which the jurors delivered to the G.A. 13 court clerk, listed the defendant's name and home address, and tended to coerce the jurors. *Page 466 
The defendant has appealed from the court's denial of his motion for judgment of acquittal for lack of sufficient evidence. When evaluating the propriety of the court's denial, we must ascertain whether the jury could reasonably have concluded, upon the facts established and the reasonable inferences drawn therefrom, that the cumulative effect of the evidence sufficed to justify the verdict of guilty beyond a reasonable doubt. In reviewing the court's ruling, we must view the evidence in a light most favorable to the jury's verdict. Each essential element of the crime charged must be proved beyond a reasonable doubt; although the jury may draw reasonable, logical inferences from the proven facts, they may resort to neither speculation nor conjecture in reaching their verdict. State v. Payne, 186 Conn. 179,181-82, 440 A.2d 280 (1982); State v. Nieves,186 Conn. 26, 30, 438 A.2d 1185 (1982). Applying these principles, we find that the jury could reasonably have inferred that, as alleged, the defendant mailed the coercive material. Thus, the trial court properly denied the motion for judgment of acquittal.
The defendant also contends that the state did not prove his intent to commit the crime charged. The jury, as triers of fact, may infer intent from the conduct of an accused, as well as from any positive testimony that may be given for or against him. State v. Fredericks, 149 Conn. 121, 124,176 A.2d 581 (1961); Holden Daly, Connecticut Evidence 66(c). An examination of the evidence submitted for the jury's consideration discloses that while much of it was circumstantial, the verdict reached was nonetheless the product of a permissible view of the evidence.
The defendant next claims that he was deprived of the effective assistance of counsel. To procure the services of a public defender, an accused must comply with certain statutory procedures. General *Page 467 
Statutes 51-297 (a) states that an applicant must provide the court with "a written statement [given] under oath or affirmation setting forth his liabilities and assets . . . ." The defendant did not comply with this requirement. Moreover, the applicant for, public defender services bears the burden of proving indigency. State v. DeJoseph, 3 Conn. Cir. Ct. 624, 636, 222 A.2d 752, cert. denied, 385 U.S. 982,87 S.Ct. 526, 17 L.Ed.2d 443 (1966). The defendant's failure to sustain his burden of proving indigency fully supports the trial court's denial of his application.
The defendant has also challenged the constitutionality of the statutes involved in this action. A party who challenges a statute on constitutional grounds bears a difficult burden, for the court must make every intendment in favor of constitutionality, and the defendant must establish invalidity beyond a reasonable doubt. Seals v. Hickey, 186 Conn. 337, 353, 441 A.2d 604
(1982); State v. Olds, 171 Conn. 395, 411,370 A.2d 969 (1976); Holden Daly, op. cit. 60(i), p. 107 (Sup. 1980). The defendant has not met this burden.
Finally, we reject any claim of bias on the part of the trial judge. The defendant did not comply with Practice Book 997 at his trial and, thus, cannot now assert a claim of bias.[2] We also reject the claim that the trial court erred by ejecting the defendant from the courtroom at one point during the trial. To the contrary, we find that the court scrupulously adhered to the provisions of Practice Book 892.[3] Moreover, we do not accept the defendant's claim that the trial court erred when ordering a presentence investigation *Page 468 
of him.[4] We also decline to find that error resulted from the court's orienting the jury in the absence of the defendant.
With respect to the remaining claims of error, our review indicates that they are without merit.
 There is no error.
In this opinion F. HENNESSY and SPADA, Js., concurred.