ACCEPTED
01-14-00977-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
11/18/2015 11:30:24 AM
CHRISTOPHER PRINE
CLERK

**No. 01-14-00977-CR**

In the

**COURT OF APPEALS**

For the

**FIRST SUPREME JUDICIAL DISTRICT**

At Houston

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
11/18/2015 11:30:24 AM
CHRISTOPHER A. PRINE
Clerk

**Appeal in No. 05-DCR-043338**

240th District Court of Fort Bend County, Texas

**DONALD COREY HILL**

*Appellant*

*v*

**THE STATE OF TEXAS**

*Appellee*

**STATE'S APPELLATE BRIEF**

*Counsel for Appellee*

**JOHN F. HEALEY**
DISTRICT ATTORNEY
268TH JUDICIAL DISTRICT
FORT BEND COUNTY, TEXAS

**JOHN J. HARRITY, III**
ASSISTANT DISTRICT ATTORNEY
FORT BEND COUNTY, TEXAS
SBN # 09133100
John.Harrity@fortbendcountytx.gov
309 South Fourth Street, 2nd floor
Richmond, Texas 77469
281-341-4460 (Tel.)
281-238-3340 (Fax)

Pursuant to Tex. R. App. P. 38.1, a complete list of the names of all interested parties is provided below so the members of this Honorable Court may at once determine whether they are disqualified to serve or should recuse themselves from participating in the decision of the case.

| Appellant: | Appellee: |
|---|---|
| **DONALD COREY HILL** | **THE STATE OF TEXAS** |

| Counsel for Appellee/State: | Address(es): |
|---|---|
| **JOHN F. HEALEY, JR.** | **Fort Bend County** |
| **District Attorney** | **District Attorney's Office** |
| **of Fort Bend County, Texas** | **301 Jackson Street, Rm 101** |
| **268TH Judicial District** | **Richmond, Texas 77469** |
| | |
| **NATALIE McKINNON** | **(Same)** |
| **Assistant District Attorney** | |
| **Fort Bend County, Tx.** | |
| **(Trial)** | |
| | |
| **JOHN J. HARRITY, III** | **(Same)** |
| **Assistant District Attorney** | |
| **Ft. Bend County, Tx.** | |
| **(Appeal Only)** | |

| Counsel for Appellant: | Address(es): |
|---|---|
| **Don Hecker** | **200 Highway 90a, Suite B** |
| **(Trial and Appeal)** | **Richmond, Texas 77469** |
| **dhecker281@aol.com** | |

**Trial Judge:**
**The Hon. Thomas R. Culver, III**
**240th District Court of Fort Bend County, Texas**

# TABLE OF CONTENTS

**SECTION**                                                                          **PAGE**

IDENTIFICATION OF PARTIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

REPLY TO APPELLANT'S FIRST POINT OF ERROR. . . . . . . . . . . . . . . . . 2

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# INDEX OF AUTHORITIES

**<u>CASES</u>**                                                       **<u>PAGE</u>**

*Drew v. State*, 942 S.W.2d 98 (Tex. App. Amarillo 1997).. . . . . . . . . . . . . . . . . . 10

*Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). . . . . 11

*Hacker v. State*, 389 S.W.3d 860, 964-865 (Tex. Crim. App. 2013). . . . . . . . . . . 11

*Hall v. State*, 452 S.W.2d 490 (Tex. Crim. App. 1970). . . . . . . . . . . . . . . . . . . . 11

*Ivey v. State*, 16 S.W.3d 75 (Tex. App. Houston [1st Dist.] 2000). . . . . . . . . . . . 10

*Marcum .v. State*, 983 S.W.2d 762 (Tex. App. Houston 14th Dist. 1998, pet. ref'd)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Rickets v. State*, 202 S.W.3d 759, 763-764 (Tex. Crim. App. 2006). . . . . . . . . 1, 12

*Rogers v. State*, 640 S.W.2d 248, 264-265 (Tex. Crim. App. 1982). . . . . . . . . . . 10

*Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980). . . . 11

*Speth v. State*, 6 S.W.3d 530 (Tex. Crim. App. 1999). . . . . . . . . . . . . . . . . . . . . . 10

*Watts v. State*, 645 S.W.2d 461, 463 (Tex. Crim. App. 1983). . . . . . . . . . . . . . . 11

## <u>STATUTES AND RULES</u>

Tex. R. App. P. 38. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Tex. R. App. P. 38.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

## STATEMENT REGARDING ORAL ARGUMENT

The State does not believe oral argument is necessary in the present case. However, should the Court decide that it wants to hear oral argument in this case, the State would request that it be allowed to present oral argument.

**No. 01-14-00977-CR**
In the
**COURT OF APPEALS**
For the
**FIRST SUPREME JUDICIAL DISTRICT**
At Houston

---

**Appeal in No. 05-DCR-043338**
240th District Court of Fort Bend County, Texas

---

**DONALD COREY HILL**
*Appellant*
*v*
**THE STATE OF TEXAS**
*Appellee*

---

**TO THE HONORABLE COURT OF APPEALS:**

**STATEMENT OF THE CASE**

Following a hearing on the State's Motion to Adjudicate, the trial court found that Appellant violated conditions D, F, H, L, CCC, CCC, CCC and LLL as alleged in the State's motion to adjudicate. (4 R.R. 135). The trial court adjudicated his guilt and found a lack of evidence to substantiate Appellant's claims of illnesses during 2013. (4 R.R. 136). The trial court assessed Appellant's punishment at six years in the Texas Department of Criminal Justice. (4 R.R. 136).

## STATEMENT OF FACTS

The State challenges all factual assertions in the Appellant's brief pursuant to Tex. R. App. P. 38 and submits its account of the facts as follows and within its reply to Appellant's points of error.

## SUMMARY OF THE ARGUMENT

Viewing the evidence in the light most favorable to the trial court's decision, the trial court did not abuse its discretion in adjudicating Appellant. *Rickets v. State*, 202 S.W.3d 759, 763-764 (Tex. Crim. App. 2006).

## REPLY TO APPELLANT'S FIRST POINT OF ERROR

On November 12, 2013, the state filed a motion to adjudicate guilt. (C.R. 190; R. 1).The trial court adjudicated Appellant and now appeals that judgment.

The Motion for Adjudication of Guilt alleged that Appellant was to:

D.     Report, <u>in person</u>, to the Fort Bend County Community Supervision and Corrections Department during the normal working hours of said department, and on today's date and on the same date of each month thereafter unless a different date, within one calendar month is agreed to by yourself and your Community Corrections officer; and obey all the rules and regulations of the Fort Bend County Community Supervision and Corrections Department;

F.     Work faithfully at a suitable employment as far as possible;

H.     Pay to the Fort Bend County Community Supervision and Corrections Department a fee of $60.00 during the normal working hours of the Fort Bend County Community Supervision and Corrections Department on today's date and on the same date of each month thereafter during your term of probation;

L.     You are to submit to random test for alcohol and/or drugs by the Fort Bend County Community Supervision and Corrections Department. The fee for said test shall be paid by you to the Fort Bend County Community

Supervision and Corrections Department within ten (10) days of the giving of a specimen;

**SEX OFFENDER SPECIAL CONDITIONS ADDENDUM:**

CCC. Attend, participate in, and successfully complete a sex offender treatment program with a Registered Sex Offender Counselor approved by your Community Corrections Officer, until successfully discharged by said Counselor.  Abide by all rules and regulations of the program and do not leave or withdraw from the program without the permission of your Community Corrections Officer  and the treatment provider; and be responsible for any costs of the program.  *Failure to successfully complete this condition is grounds for revoking or extending your term of probation.  Successful completion will be determined by the treatment provider, your Community Corrections Officer and the Court.*

LLL.  The Defendant shall pay a Sex Offender Supervision Fee of $5.00 per month during the term of supervision, payments to be made on or before the 15th day of each month, beginning November 1, 2007, payable through the Community Supervision and Corrections Department for remittance to the State Comptroller;

The State would further show that, thereafter, while the Defendant's probation

was in full force and effect, the Defendant did violate the terms and conditions of his probation by:

D.    The Defendant failed to report, <u>in person</u>, to the Fort Bend County Community Supervision and Corrections Department for the months of June, July, September and October 2013 and one time in August 2013;

F.    The Defendant failed to work faithfully at a suitable employment as far as possible for the months of June, July, August, September and October 2013;

H.    The Defendant failed to pay to the Fort Bend County Community Supervision and Corrections Department a fee of $60.00 for the months of March, April, May, June, July, August, September and October 2013;

L.    The Defendant failed to pay fee for alcohol/drug testing to the Fort Bend County Community Supervision and Corrections Department within ten (10) days of the giving of a specimen for tests conducted on April 24, 2013 and May 13, 2013;

CCC. The Defendant failed to attend, participate in, and successfully complete in sex offender counseling at the Center for Healthy Sexuality Restitution and Responsibility Treatment Program as evidenced by missing his group on August 23,2012, September 13, 2012, October 25, 2012, January 10, 2013, February 7, 2013, April 18, 2013, June 4, 2013, June 13, 2013, June 29, 2013, July 5, 2013, July 11, 2013, July 18, 2013, July 25,

4

2013, August 1, 2013, August 8, 2013 and August 15 2013, and further evidenced by the Defendant being unsuccessfully discharged from treatment on August 20, 2013;

CCC. The Defendant failed to be responsible for any costs of the program as evidenced by being delinquent in the amount of $640.00 for treatment service fees to The Center for Healthy Sexuality Restitution and Responsibility Treatment Program;

CCC. The Defendant failed to attend, participate in, and successfully complete a sex offender treatment program with a Registered Sex Offender Counselor approved by his Community Corrections Officer, as evidenced by being unsuccessfully discharged from The Center for Healthy Sexuality Restitution and Responsibility Treatment Program on August 20, 2013 due to excessive absences;

LLL. The Defendant shall pay a Sex Offender Supervision Fee of $5.00 per month through the Community Supervision and Corrections Department for the months of March, April, May, June, July, August, September and October 2013.

(C.R. 193-194).

Timothy Olier a community supervision officer with the Fort Bend County community supervision and corrections department testified that he had supervised Appellant since February of 2013. (4 R.R. 18). Appellant was supposed to report

5

twice a month and failed to report for the months of June, July, September and October 2013 and once in August of 2013. (4 R.R. 19). Appellant was also to remain employed as a condition of his probation. Appellant advised that he was employed at FedEx. Olier contacted FedEx to verify his employment, but was notified in writing from FedEx that he was never an employee there. (4 R.R. 19). Appellant was not employed during June, July, August, September and October 2013. (4 R.R. 19). Appellant also failed to pay probation fees for March though and including October 2013, another violation of his probation. (4 R.R. 20). He also failed to pay for drug tests conducted for April 24 and May 13, 2013. (4 R.R. 21-22). Appellant was in sex offender treatment at the time Olier took over his caseload, but he stopped reporting. Appellant had numerous absences from the program. (4 R.R. 21-22). He was unsuccessfully discharged as of August 20, 2013. (4 R.R. 23). Appellant was also delinquent in treatment fees with the treatment provider as well as missing his sex offender supervision fee of $5 a month for the months of March through October of 2013. (4 R.R. 24).

In May 2013, Appellant contacted Olier and told him that he was ill and in the hospital. Olier told him that he just needed to provide Olier documentation on where he was and contact Olier upon his release. (4 R.R. 24). Appellant provided one document to Olier which was unsigned and it appeared that it was not a legitimate.

(4 R.R. 24, 29). The document claimed that Appellant had leukemia. Appellant never provided Olier with any other medical records to support his claim of leukemia. (4 R.R. 24).

At the end of June, approximately June 25, Olier received a telephone call and Appellant stated that he had been diagnosed with cancer. Appellant was instructed to contact Olier once he was released from the hospital. On July 8, Appellant called Olier and said he was back in the hospital and that he had fallen and broken his hip. Olier instructed him to have the hospital fax documentation as proof of his condition and his hospital stay which Olier never received. (4 R.R. 25, 34). On July 11, 2013, Olier attempted to do a field visit at Appellant's residence but there was no answer at his door. (4 R.R. 25). On July 12, 2013 Appellant called and stated he was still in the hospital. Olier told Appellant he still had not received the fax to prove where he was or of his condition. Appellant agreed to have it faxed, but Olier never received it. (4 R.R. 26).

On August 9, 2013 Appellant called Olier and stated that he was in St. Luke's hospital and had kidney failure and didn't know when he would be released from the hospital. He said that he was going to have a kidney transplant. He told Olier that he was given a kidney transplant from his girlfriend. (4 R.R. 35). He also told Olier that his girlfriend had a copy of the medical information and she would bring it to the

7

office that day, which she never did. (4 R.R. 26). Appellant reported to the office on August 22, 2013 and appeared to be healthy. (4 R.R. 26-27). Olier discovered from the internet that Appellant was married. (4 R.R. 27).

Kim Cabrera with the community corrections department for Fort Bend County testified that as a court liaison she goes over what the conditions are with the defendant before they leave the courtroom and provides them with a copy of their judgment along with their conditions and she goes over each condition and addendum with them including their reporting instructions. (4 R.R. 41). When the defendant goes to probation, the probation officer goes over the conditions with them again. (4 R.R. 42). Cabrera is currently assigned to supervise Appellant's case. (4 R.R. 42). Appellant was respectful, but didn't actually do what he said he would do. (4 R.R. 44-45). Cabrera met with Appellant's mother who was extremely negative about the department in general and the supervising probation officers. (4 R.R. 46). Appellant's medical file contained a letter sent to them by Appellant's girlfriend, now wife, from Memorial Herman concerning a medical condition he had along with discharge paperwork from St. Luke's Hospital from April of 2013. (4 R.R. 47). Appellant has failed to do anything to become compliant or to indicate that he wants to continue on and successfully complete his probation. (4 R.R. 47). .

Appellant testified that at the time of the motion to adjudicate hearing, he was

twenty-seven years old was employed as an electrician/shop manager and delivery truck driver for Capp Electric beginning on August 18, 2014. (4 R.R. 101). He was able to obtain insurance when he got the job. (4 R.R. 102). Appellant testified to his health issues, claiming that he had been exhausted and in excruciating pain. He claimed that he kept in touch with his probation officer. Appellant testified that he thought he had a hip fracture and that he had kidney stones. (4 R.R. 107-108). Around August of 2013, his health began to improve and he got a job and insurance. (4 R.R. 108). Appellant admitted he was delinquent in his fees, and didn't make any payments since he got his job. (4 R.R. 113). Appellant stated that Olier and his mother did not tell the truth regarding a number of his health issues. (4 R.R. 114-115). Appellant admitted that during the months of January through May of 2013 he was physically able to comply with his conditions of probation. (4 R.R. 116). He was also physically able to comply with his conditions of probation in August through October of 2012. (4 R.R. 117). Appellant stated that his wife's testimony that during the past year Appellant had access to insurance and that he had been "medically okay", was incorrect, but he could not recall when he was removed from her insurance. (4 R.R. 118-119). Appellant also claimed that Olier's testimony that Appellant failed to provide documentation to the probation department was not true. Appellant testified that every time he was released out of the hospital he provided

9

documents. (4 R.R. 121). Appellant testified that his attorney had all of the medical records that he claimed exist where turned over to his attorney. (4 R.R. 128-129).

The trial court found that Appellant violated conditions D, F, H, L, CCC, CCC, CCC and LLL as alleged in the State's motion to adjudicate. (4 R.R. 135). The trial court adjudicated his guilt and found a lack of evidence to substantiate Appellant's claims of illnesses during 2013. (4 R.R. 136). The trial court assessed Appellant's punishment at six years in the Texas Department of Criminal Justice. (4 R.R. 136).

A condition of probation should be sufficiently specific to give the defendant reasonable notice of what is expected of him. *Drew v. State*, 942 S.W.2d 98 (Tex. App. Amarillo 1997). However a defendant must object at the time of sentencing to a condition of community supervision, otherwise nothing is preserved for review on appeal. *Speth v. State*, 6 S.W.3d 530 (Tex. Crim. App. 1999); *Rogers v. State*, 640 S.W.2d 248, 264-265 (Tex. Crim. App. 1982); *Ivey v. State*, 16 S.W.3d 75 (Tex. App. Houston [1st Dist.] 2000). Appellant fails to point to any place in the record where he objected to the conditions at the time he was placed on deferred adjudication or during the motion to adjudicate. Therefore Appellant has waived his vagueness complaint.

The State need only prove one violation of a condition of probation, and the failure of a defendant to report to his community supervision officer as instructed on

10

one occasion is sufficient grounds for the trial court to adjudicate. *Marcum .v. State*, 983 S.W.2d 762 (Tex. App. Houston 14th Dist. 1998, pet. ref'd). It can be an abuse of discretion to revoke probation for failure to report if the probationer establishes good cause for the violation. *Hall v. State*, 452 S.W.2d 490 (Tex. Crim. App. 1970). However a defendant's admission that he failed to report is sufficient to support the trial court's judgment adjudicating a defendant's community supervision. *See Watts v. State*, 645 S.W.2d 461, 463 (Tex. Crim. App. 1983).

On appeal, the trial court's decision to adjudicate is reviewed under an abuse of discretion standard and the evidence is examined in the light most favorable to the trial court's finding. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). The trial judge is the sole trier of fact and of the credibility of the testimony during a hearing on a motion to adjudicate. *See Garrett*, 619 S.W.2d at 174. The State must prove by a preponderance of the evidence that a defendant violated the terms and conditions of community supervision. *Hacker v. State*, 389 S.W.3d 860, 964-865 (Tex. Crim. App. 2013). Proof of a single violation of a defendant's community supervision is sufficient to support a trial court's decision to adjudicate. *Bryant v. State*, 391 S.W.3d 86, 93 (Tex. Crim. App. 2012)*; Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980).

In the present case, one of the probation conditions required Appellant to report

11

to his community supervision officer in person twice a month however Olier testified that Appellant failed to abide by such requirement from June through October of 2013 He also failed to report once in August of 2013. Also as part of his probation, Appellant was required to work at a suitable place of employment for as far as possible. Appellant claimed that he was employed at FedEx, however, when Mr. Olier contacted FedEx to verify Appellant's statements, Mr. Olier received written documentation from FedEx saying that Appellant had never been an employee there. In addition to failing to maintain suitable employment and deceiving his corrections counselor, Appellant was delinquent on several required fees. For example, he failed to pay probation fees from March through October 2013. He failed to pay for drug tests conducted on April 24, 2013, and May 13, 2013. Appellant also failed to pay fees related to his sex offender therapy. At the time of the hearing, Appellant was $640 delinquent in treatment fees with his treatment provider . Moreover, sex offender supervision fees of $5 a month remained unpaid from March through October of 2013. Appellant also stopped reporting to sex offender therapy. Finally, after repeated absences, he was unsuccessfully discharged on August 20, 2013. In sum, Appellant violated a total of six probation conditions (C.R. 193).

Viewing the evidence in the light most favorable to the trial court's decision, the trial court did not abuse its discretion in adjudicating Appellant. *Rickets v. State*,

12

202 S.W.3d 759, 763-764 (Tex. Crim. App. 2006).

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** it is respectfully submitted that all things are regular and that this Court find no reversible error in Appellant's conviction, affirm the judgment and sentence in all things, and order execution of the judgment and sentence in accordance with the opinion of the Court.

Respectfully submitted,
**John F. Healey, Jr.**
District Attorney, Fort Bend County
268th Judicial District


 /s/    John J. Harrity, III
John J. Harrity, III
Assistant District Attorney
Fort Bend County, Texas
SBN # 09133100
John.Harrity@fortbendcountytx.gov
301 Jackson Street, Room 101
Richmond, Texas 77469
281-341-4460 (office)
281-341-8638 (fax)

## CERTIFICATE OF COMPLIANCE

This is to certify that in accordance with Texas Rule of Appellate Procedure 9.4(i)(3), this State's Appellate Brief has been reviewed by the word count function in WordPerfect, and contains 3516 words in its entirety.

/s/   John J. Harrity, III
John J. Harrity, III

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been forwarded to Appellant's attorney of record, Don A. Hecker, 200 Highway 90a, Suite B, Richmond, Texas 77479, or via email at dhecker281@aol.com, or via e-filing on the date of the filing of the  original with the Clerk of this Court.

/s/   John J. Harrity, III
John J. Harrity, III