**Stan A. WALLIS, Petitioner-Appellant,**

v.

**Colonel Oliver E. O'KIER, Commandant, United States Disciplinary Barracks, Fort Leavenworth, Kansas, Respondent-Appellee.**

**No. 73-1414.**

United States Court of Appeals, Tenth Circuit.

Feb. 19, 1974.

Joel M. Gora, New York City (Melvin L. Wulf, Joel M. Gora, New York City,

---

Nicholas Waranoff, Law Student, Palo Alto, Cal., American Civil Liberties Union Foundation, New York City, David Addlestone, Military Law Project ACLU, Washington, D. C., and Scott Jarvis, Topeka, Kan., on the brief), for petitioner-appellant.

Franklin A. Luna, Washington, D. C. (Robert J. Roth, U. S. Atty., Bruce D. Miller, Asst. U. S. Atty., Franklin A. Luna, Major, USAF, Office of the Judge Advocate Gen., United States Air Force, on the brief), for respondent-appellee.

Before LEWIS, Chief Judge, and JONES* and McWILLIAMS, Circuit Judges.

JONES, Circuit Judge.

The factual situation from which this appeal arises may be stated briefly. The appellant, Stan A. Wallis, was an Airman in the United States Air Force. He was stationed at Mountain Home Air Base, Idaho. Agents of the Office of Special Investigation at the Base had information that Wallis was trafficking in contraband drugs. The information was given orally to the Colonel in command of the Base. The Colonel issued a special warrant authorizing or purporting to authorize the search of the effects of Wallis in his barracks room and automobile. The search was made and prohibited drugs were found. Four charges, all involving possession and sale of illicit drugs, were made. Wallis was tried before an Air Force General Court-Martial and convicted on all of the charges. A single sentence of dishonorable discharge, four years imprisonment at hard labor, loss of grade and forfeiture of pay was imposed. His sentence was reviewed and affirmed by the Staff Judge Advocate of the General Court-Martial Convening Authority, by the General Court-Martial Convening Authority and by the United States Air Force Court of Military Review. The conviction and sentence was affirmed by all of these. The Court of Military Appeals denied a petition for review. The term of imprisonment was commuted from four to three years. He was confined in the United States Disciplinary Barracks at Fort Leavenworth, Kansas, and while so confined he petitioned the United States District Court for the District of Kansas for the issuance of a writ of habeas corpus. The district court entered an order denying the petition and from that order Wallis has appealed. After the judgment of the district court and prior to the filing of the notice of appeal, Wallis had completed serving his sentence and was released from custody.

The district court held that the contentions of Wallis had been given full and fair consideration by each military tribunal to which they were presented and accordingly, the court concluded it lacked jurisdiction to intervene or to review the merits of the case. After deciding that it was without jurisdiction, the court proceeded to determine that the procedures followed in the issuance and execution of the search warrant were valid and proper, and that Wallis was not denied any right accorded him by the Federal Constitution.

In that document it is provided that,

"The Congress shall have Power . . . To make Rules for the Government and Regulation of land and naval Forces." U.S.Const., Art. I, § 8.

The Congress has provided that,

"The procedure, including modes of proof, in cases before courts-martial, courts of inquiry, military commissions, and other military tribunals may be prescribed by the President by regulations which shall, so far as he considers practicable, apply the principles of law and the rules of evidence generally recognized in the trial of criminal cases in the United States district courts, but which may not be contrary to or inconsistent with this chapter." 10 U.S.C.A. § 836(a).

■■ In the exercise of the granted powers, the President promulgated the Manual for Courts-Martial. In this ex-

---

* Of the Fifth Circuit, sitting by designation.

tensive Manual it is set forth that a search may be made pursuant to a warrant issued by the commanding officer of a military installation upon probable cause. Manual for Courts-Martial, ¶ 152. The manual does not provide for the probable cause to be supported by oath or affirmation as does the Fourth Amendment to the Constitution. There seems to be no doubt but that an express provision of the military law that probable cause could be shown by oral statements would be valid. Any draftsman of a rule providing for probable cause as an incident to the issuance of a search warrant would be consciously aware of the Fourth Amendment provision. It is apparent that the omission of a reference to oath or affirmation was deliberate and intentional. There are reasons for such an inference. Although this was probably not such a case, many situations have existed and will exist in military commands where the formalizing of the probable cause by the affixing of a seal to a paper writing would be impracticable or impossible. Such a construction has been placed upon the provision by the military courts. The search made pursuant to a warrant issued, upon probable cause not supported by oath or affirmation, by the commanding officer of the military installation, where the search is to be made of property in the possession or under the control of a person in the command of the officer issuing the warrant, as in the case here present, is a valid search.

■ It is said on behalf of Wallis that a search warrant should be issued by one who is independent and neutral and that the Commanding Officer is not within this category. In support of this doctrine, Wallis relies upon Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564, reh. den. 404 U.S. 874, 92 S.Ct. 26, 30 L.Ed.2d 120, and Shadwick v. City of Tampa, 407 U.S.

345, 92 S.Ct. 2119, 32 L.Ed.2d 783. These decisions hold that police officers and prosecutors do not have that independence and neutrality which are necessary in the exercise of the issuance of search warrants. It has not been shown, and the Court will not assume, that the Commanding Officer of a military installation is to be classified as a prosecutor or a policeman. We think he is neither. He is of the description given him by his title—the Commanding Officer of the personnel within his command and of the property committed to his control. To be sure, he is responsible for the maintenance of order and discipline within his command. This does not mean that he is partial, prejudiced and biased. There is no reason to suppose that he would be less willing than a magistrate that there be a fair and just administration of the law.

■ We are urged by the Government to hold that this is a case where military tribunals have given full and fair consideration to the issue presented and that, since this has been done, the district court and this Court are without jurisdiction to review the merits of the cause. This is an overstatement of principle. Wallis asserted in his habeas corpus petition that he was being deprived of his liberty in violation of a right guaranteed to him by the United States Constitution. Where such a constitutional right is asserted and where it is claimed that the petitioner for the Great Writ is in custody by reason of such deprivation, the constitutional courts of the United States have the power and are under the duty to make inquiry. Kennedy v. Commandant, U. S. Disciplinary Barracks, 10th Cir. 1967, 377 F.2d 339.

Deciding as we do that the search warrant was valid, the judgment of the district court will be and it is affirmed.