**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Donald Eugene BANKS,
Defendant-Appellant.**

**No. 76–1374.**

United States Court of Appeals,
Ninth Circuit.

July 19, 1976.

Irwin H. Schwartz, Federal Public Defender (argued), of Seattle, Wash., for defendant-appellant.

James R. Moore, Asst. U. S. Atty. (argued), Seattle, Wash., for plaintiff-appellee.

## OPINION

Before ELY and CHOY, Circuit Judges and ORRICK,* District Judge.

CHOY, Circuit Judge:

Donald Banks, a civilian, appeals his criminal conviction by challenging the actions of military investigators in searching and arresting him for violation of "civil" (non-military) laws while he was on McChord Air Force Base. We affirm.

### Facts

Banks and three airmen were arrested by Air Force investigators in August of 1975 in a barracks room on the McChord base. The arrest followed a search, made pursuant to a warrant for the search of the room and the persons found there issued by the base commander. The search turned up heroin on Banks and in the room. Probable cause for the warrant was based on the affidavit of an Air Force investigator setting forth a voluntary statement given him by a Sergeant Haynes.

After being given the *Miranda* warnings, Banks signed a confession implicating himself and the three airmen. His motion to suppress his confession and the evidence seized from his person was denied. On stipulated facts, preserving the suppression issue, the district court convicted Banks of possession of heroin with intent to distribute.

### Issues

Banks contends that the military has no power to search and arrest civilians for civil offenses. In the alternative, he challenges the sufficiency of the search warrant.

### Military Authority to Search and Arrest Civilians

Banks argues that the military's police power is limited to only those persons subject to military law. *See* 10 U.S.C. § 807. He insists that using the military to enforce

* Honorable William H. Orrick, Jr., United States District Judge, Northern District of California, sitting by designation.

the civil laws is prohibited by the Posse Comitatus Act.

■ The Posse Comitatus Act, 18 U.S.C. § 1385,[1] was enacted during the Reconstruction Period to eliminate the direct active use of Federal troops by civil law authorities. *See United States v. Red Feather*, 392 F.Supp. 916 (D.S.Dak.1975). In each case relied upon by Banks, the Act's prohibition was applied only to the off-base use of military personnel by civilian authorities. *See Red Feather, supra*, and *United States v. Walden*, 490 F.2d 372 (4th Cir.), *cert. denied*, 416 U.S. 983, 94 S.Ct. 2385, 40 L.Ed.2d 760 (1974). We hold the Act does not prohibit military personnel from acting upon on-base violations committed by civilians.

■ When their actions are based on probable cause, military personnel are authorized by statute to arrest and detain civilians for on-base violations of civil law, see 10 U.S.C. § 809(e) and 18 U.S.C. § 1382;[2] also, they may conduct reasonable searches based on a valid warrant. *United States v. Rogers*, 388 F.Supp. 298 (E.D.Va. 1975); *see also United States v. Burrow*, 396 F.Supp. 890 (D.Md.1975). The power to maintain order, security, and discipline on a military reservation is necessary to military operations. *Cafeteria Workers v. McElroy*,

367 U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961).[3] Thus, Banks was properly searched and detained.

### Sufficiency of the Search Warrant

Banks asserts that the search warrant was deficient in two respects. First, he argues, a commander of a military reservation is not a neutral and detached magistrate required under the fourth amendment. He relies on *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), and *Saylor v. United States*, 374 F.2d 894, 179 Ct.Cl. 151 (1967).

■ The position of the commanding officer in the instant case, however, is unlike that of the attorney general in *Coolidge* and the deputy commander in *Saylor*, who were actively in charge of the investigations when they authorized the warrants. Nothing in the record suggests the base commander here participated in any way in the investigation or prosecution of Banks. He was approached only after the investigators had obtained Sergeant Haynes' statement and had tried, without success to call in civil law enforcement authorities. He qualifies as a neutral and detached magistrate for the purpose of determining probable cause. *United States v. Rogers*, 388 F.Supp. 298

---

1. 18 U.S.C. § 1385 provides:
   "Whoever, except in cases and under circumstances expressly authorized by the Constitution or Act of Congress, willfully uses any part of the Army or the Air Force as a posse comitatus or otherwise to execute the laws shall be fined not more than $10,000 or imprisoned not more than two years, or both."

2. 10 U.S.C. § 809 (Art. 9. Imposition of Restraint. UCMJ) provides in part:
   "(e) Nothing in this article limits the authority of persons authorized to apprehend offenders to secure the custody of an alleged offender until proper authority may be notified."
   18 U.S.C. § 1382 provides:
   "Whoever, within the jurisdiction of the United States, goes upon any military, naval, or Coast Guard reservation, post, fort, arsenal yard, station, or installation, for any purpose prohibited by law or lawful regulation;
   *   *   *   *   *   *
   "Shall be fined not more than $500 or imprisoned not more than six months, or both."

Air Force Regulation 125–3, Ch. 6, §§ 6–2.(a) provides in part:
   "Title 18 United States Code, Section 1382, authorizes the detention of civilians for on-base offenses. Since they are not subject to the UCMJ, civilians usually are turned over to civil authorities."
Administrative interpretations are entitled to great deference. *Udall v. Tallman*, 380 U.S. 1, 16, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965).

3. We decline to decide the search and arrest issues solely on the basis that McChord is a "closed" military reservation. There is authority for the proposition that a civilian is subject to search and arrest by military authorities without probable cause or his consent on a "closed" military base. *See United States v. Vaughn*, 475 F.2d 1262, 1264 (10th Cir. 1973) and *United States v. Grisby*, 335 F.2d 652, 655 (4th Cir. 1964). We need not reach this issue because the search and arrest involved here were reasonable under ordinary fourth amendment standards.

(E.D.Va.1975); *see also Wallis v. O'Kier,* 491 F.2d 1323 (10th Cir.), *cert. denied,* 419 U.S. 901, 95 S.Ct. 185, 42 L.Ed.2d 147 (1974).[4]

Secondly, Banks attacks the affidavit supporting the finding of probable cause as failing to establish the reliability of the informer as required by *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).[5]

Sergeant Haynes was an untested, named, non-professional informer. He voluntarily gave a statement to McChord investigators implicating Banks in the sale of heroin to military personnel. Haynes told the investigators that he had recently seen Banks on the base in possession of a fluffy white powder in a zip-lock bag which Banks said was heroin. He reported, further, that Banks had offered to sell him heroin and that Banks had told him he, Banks, would be in Barracks 1152, Room 301 cutting heroin and remain on the base till pay day to sell it to military personnel.

■ A detailed eyewitness report of a crime is self-corroborating; it supplies its own indicia of reliability. ·*United States v. Mahler,* 442 F.2d 1172, 1174 (9th Cir.), *cert. denied,* 404 U.S. 993, 92 S.Ct. 541, 30 L.Ed.2d 545 (1971) and *United States v. Sellaro,* 514 F.2d 114, 124 (8th Cir. 1973), *cert. denied,* 421 U.S. 1013, 95 S.Ct. 2419, 44 L.Ed.2d 681 (1975). That Sergeant Haynes, the informant, was under investigation because he was suspected of being involved in drug traffic is immaterial here. The details of his statement supported an inference as to the reliability of his information and his credibility. *See Spinelli, supra,* 393 U.S. at 417, 89 S.Ct. 584.

AFFIRMED.

---

**4.** Although *Wallis* involved military personnel as the object of the search, it stands for the principle that a base commander may properly issue a search warrant, consistent with the fourth amendment.

**5.** The Government argues that the *Aguilar-Spinelli* test applies only to (unidentified) professional informers relying on *United States v. Darensbourg,* 520 F.2d 985, 988 (5th Cir.), *modified,* 524 F.2d 233 (1975) and *United States v. Burke,* 517 F.2d 377, 380 (2nd Cir. 1975). It is unnecessary to reach this issue in that the affidavit satisfies the *Aguilar-Spinelli* test.