92 F.3d 1195
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Johnny Freddy RODRIGUEZ, Defendant-Appellant.
 No. 95-50056.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 14, 1996.*
Decided July 25, 1996.
 
 Before: SNEED, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Johnny Freddy Rodriguez conditionally pled guilty to being a felon in possession of a gun in violation of 18 U.S.C. § 922(g)(1). He now appeals the district court's denial of his motion to suppress evidence, and his conviction. Rodriguez contends that the district court erred in holding that probable cause justified his warrantless arrest, because the arresting officers proceeded on an uncorroborated tip from a security guard. We affirm the district court's denial of the suppression motion.
 
 I.
 
 3
 On August 13, 1994, a gang task force composed of special agents from the Immigration and Naturalization Service and the Bureau of Alcohol, Tobacco, and Firearms, and officers from the Los Angeles Police Department, was deployed in the Hoover Street area of Los Angeles. At about 12:50 a.m., a member of the task force was approached by Jose Hernandez, a security guard at the nearby El Taurino Restaurant, and told that an individual inside the restaurant was carrying a gun in his waistband. Hernandez described the individual as a light-skinned Hispanic male with light green or hazel eyes and a tattoo of the numbers "666" over his eye. Hernandez added that the man was wearing a white shirt and described where in the restaurant he was sitting.
 
 
 4
 The agents looked through the window of the restaurant and spotted an individual, later identified as Rodriguez, who matched the description and was sitting in the described location. The individual was looking in the agents' direction. The officers were wearing vests and badges that identified them as law enforcement officers, and were carrying handguns.
 
 
 5
 When the agents proceeded to enter the restaurant, they saw Rodriguez leave the table where he had been sitting and walk toward a large group of people. The precise details of the events that followed are disputed. All agree, however, that Special Agent Jones walked over to where he believed Rodriguez was headed, while Rodriguez kept his eye on Special Agent Reyes. Jones grabbed Rodriguez's left arm; then, when Rodriguez tried to pull away, executed a wrist lock. Either immediately before or immediately after this, the officers spotted the gun in Rodriguez' waistband. Because Rodriguez continued to struggle, it took three officers to subdue and handcuff Rodriguez. Besides the gun, the officers found on Rodriguez a California Department of Corrections ("CDC") inmate identification card, and a CDC letter.
 
 
 6
 Rodriguez's motion to suppress the gun, the CDC card, and the CDC letter was denied. On November 8, 1994, Rodriguez entered a guilty plea on the condition that he could appeal the denial of his motion to suppress. On January 23, 1995, the district court sentenced Rodriguez to 41 months imprisonment and 3 years supervised release. Rodriguez timely appeals.
 
 
 7
 The district court's jurisdiction was under 18 U.S.C. § 3231. Ours is pursuant to 28 U.S.C. § 1291.
 
 II.
 A. Standard of Review
 
 8
 We review the district court's denial of a motion to suppress evidence de novo, and the underlying factual findings for clear error. United States v. Becker, 23 F.3d 1537, 1539 (9th Cir.1994). The district court's determination that probable cause to arrest existed is a mixed question of law and fact which we review de novo. United States v. Dunn, 946 F.2d 615, 619 (9th Cir.), cert. denied, 502 U.S. 950 (1991).
 
 B. Probable Cause to Arrest
 
 9
 The district court concluded that the agents arrested Rodriguez when Jones grabbed his wrist and executed a wrist lock on it. The district court also concluded that probable cause existed to justify the arrest at that point because Rodriguez matched Hernandez' detailed description, and because of Rodriguez' behavior in walking away from and resisting the officers. Rodriguez argues that the agents lack probable cause because they acted on the basis of an uncorroborated tip from an informant.
 
 
 10
 "Probable cause exists when 'the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a prudent person to believe that a suspect has committed, is committing, or is about to commit a crime.' " MacKinney v. Nielsen, 69 F.3d 1002, 1005 (9th Cir.1995) (quoting United States v. Hoyos, 892 F.2d 1387, 1392 (9th Cir.1989), cert. denied, 498 U.S. 825 (1990)). "An informant's description of illegal activity is sufficient to establish probable cause if the totality of the circumstances indicate that the tip is reliable." United States v. Elliott, 893 F.2d 220, 223 (9th Cir.), as amended, 904 F.2d 25 (9th Cir.), cert. denied, 498 U.S. 904 (1990). " 'A detailed eyewitness report of a crime is self-corroborating; it supplies its own indicia of reliability.' " United States v. Estrada, 733 F.2d 683, 686 (9th Cir.), (quoting United States v. Banks, 539 F.2d 14, 17 (9th Cir.), cert. denied, 429 U.S. 1024 (1976)), cert. denied, 469 U.S. 850 (1984); see also Elliott, 893 F.2d at 223 (same).
 
 
 11
 Here, the agents had probable cause to arrest Rodriguez when Jones seized his arm in the restaurant. The agents were approached by a uniformed security guard from the nearby El Taurino restaurant. The guard had just observed an individual, later identified as Rodriguez, sitting in the restaurant with a gun in his waistband. The guard described Rodriguez with specificity, and told the agents where he was sitting. When the agents looked through the restaurant window, they saw a man who matched the guard's description in both appearance and location. Rodriguez saw the officers through the window, and began walking away when they entered the restaurant. Based on the totality of the circumstances, the agents possessed the requisite probable cause to arrest Rodriguez at the time he was confronted by Jones. The officers were under no legal duty to corroborate the security guard's tip before acting because the eyewitness report of a crime was self-corroborating. Elliott, 893 F.2d at 223.
 
 
 12
 Because Rodriguez' Fourth Amendment rights were not violated during his initial stop and subsequent arrest, the district court's denial of his motion to suppress the evidence seized is affirmed.
 
 
 13
 AFFIRMED.
 
 FERGUSON, Circuit Judge, dissenting:
 
 14
 The issue in this case is whether or not under our Constitution an arrest may be made solely upon an uncorroborated tip from an informant whose reliability is unknown. The majority proclaims that the officers were under no legal duty to corroborate the security guard's tip before acting because the eyewitness report of a crime was self-corroborating. This conclusion eviscerates the protections of the Fourth Amendment by relieving law enforcement officers of the responsibility to investigate the reliability and veracity of an informant's tip. Therefore, I dissent.
 
 
 15
 The facts are simple as stated by the district court.
 
 
 16
 1. Federal agents received a tip from Jose Hernandez, a security guard at the El Taurino Restaurant, located at 1104 South Hoover Street, that an individual inside the restaurant was in possession of a firearm.
 
 
 17
 2. Mr. Hernandez fully and specifically described the individual's physical appearance and clothes, and told the agents where the individual was sitting.
 
 
 18
 3. The agents looked through the window and saw Mr. Rodriguez looking at their direction. The agents, who were carrying firearms and wearing clothing identifying them as law enforcement officers, entered the restaurant.
 
 
 19
 4. As the agents entered the restaurant, the agents saw Mr. Rodriguez walking away from where he was sitting toward an area where a group of people were gathered.
 
 
 20
 5. Agent Jones walked over to where he believed Mr. Rodriguez was walking. Agent Jones then grabbed Mr. Rodriguez's left arm and the defendant tried to pull away. Agent Jones then executed a wrist lock on Mr. Rodriguez's left arm. A scuffle ensued.
 
 
 21
 6. Other agents came to assist Agent Jones. The agents found a gun on Mr. Rodriguez. The agents also found on Mr. Rodriguez a California Department of Corrections Inmate identification card, and a CDC letter.
 
 
 22
 These facts cannot support a finding of probable cause. The officers involved in the arrest were federal agents of the Immigration and Naturalization Service and the Bureau of Alcohol, Tobacco and Firearms. The officers never claimed that they knew the informant nor that his statements to them were reliable. In a remarkable analysis of the facts, the government argues that the informant's tip was corroborated by the defendant's "evasive behavior." However, the district court found that the defendant merely walked away from where he was sitting toward an area where a large group of people were gathered. Thus, the total extent of the corroboration is the innocuous facts that the defendant fit the given description and that he was sitting where the security guard had stated he would be. This mere confirmation of innocent details is inadequate to support probable cause to arrest. See United States v. Mendonsa, 989 F.2d 366, 369 (9th Cir.1993); United States v. Clark, 31 F.3d 831, 834-35 (9th Cir.1994), cert. denied, 115 S.Ct. 920 (1995).
 
 
 23
 Moreover, if this inadequacy could be cured by simply characterizing the security guard's tip as "a detailed eyewitness report of a crime," then any person who holds a grudge could simply report to the police that his adversary was in possession of a gun and the police would have probable cause to arrest the adversary.
 
 
 24
 Quite simply, the fallacy of the majority opinion is the rule they now establish--that an arrest may be made by the police solely on the basis of a claim by an eyewitness to a crime even though the police do not have any corroboration or knowledge that the informant is reliable. Here, the officers had enough information to conduct further investigation and execute a Terry stop. However, the district court's judgment cannot be upheld on the ground that the officers possessed probable cause to arrest the defendant.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3