**UNITED STATES of America, Plaintiff,**

v.

**Walter ACOSTA–CARTAGENA; Alberto Concepcion–Cordero; Marieli Morales–Rosa; Oscar Ortiz–Valdes; Federico Torres–Montalvo, Defendants.**

**Crim. Nos. 00–433(JAF), 00–437(JAF), 00–441(JAF), 00–442(JAF), 00–445(JAF).**

United States District Court, D. Puerto Rico.

Sept. 8, 2000.

Linda Backiel, Rafael Anglada–Lopez, San Juan, PR, for defendants.

Jorge E. Vega–Pacheco, U.S. Attorney's Office District of P.R., Criminal Division, Hato Rey, PR, for U.S.

1. We note that the section of the Code of Federal Regulations cited by Defendants does not exist. Since Defendants have not included any relevant language or case law references and our exhaustive search revealed no comparable provision, we are left to conclude that either Defendants made a typographical error or that the section does not exist. As such, we are unable to address their arguments regarding the Code of Federal Regulations.

## OPINION AND ORDER

FUSTE, District Judge.

Defendants Walter Açosta–Cartagena, Alberto Concepción–Cordero; Marieli Morales–Rosa; Oscar Ortiz–Valdés, and Federico Torres–Montalve, move to suppress: (1) any and all photographs or videotapes of them made while they were under the custody and control of the United States Navy on the day of their arrest or the following day; (2) any and all records of any identification procedures carried out by Navy officials who would identify Defendants at trial; and (3) any and all in-court testimony identifying Defendants which would be the fruit of the poisonous tree of those photographs or videotapes.

Defendants maintain that the evidence should be suppressed because: (1) the role of the United States Navy in the enforcement of civilian law violates 18 U.S.C. § 1385 (2000); (2) the photographs and videotapes caused an unnecessary and unlawful delay in Defendants' being brought to trial; (3) the photographs and videotapes are the unlawful product of the denial of Defendants' right to counsel during an identification procedure and during in-custody procedures designed to compel incriminating evidence from them; and (4) the statutory provision relied upon by the Magistrate Judge in seeking to have Defendants processed, 20 C.F.R. 20.32, does not permit the photographing of Defendants who are arrested for petty offenses.[1]

First, Defendants maintain that 18 U.S.C. § 1385[2] bars Naval personnel

2. Section 1385 provides:

Whoever, except in cases and under circumstances expressly authorized by the Constitution or Act of Congress, willfully uses any part of the Army or the Air Force as a posse comitatus or otherwise to execute the laws shall be fined under this title or imprisoned not more than two years, or both.

18 U.S.C. § 1385.

from enforcing civilian law. Defendants are wrong. Section 1385 prohibits the Army or Air Force from enforcing civilian law, but not the Navy. *See United States v. Yunis*, 924 F.2d 1086, 1093 (D.C.Cir. 1991) (reviewing the legislative history of section 1385); *Schowengerdt v. General Dynamics*, 823 F.2d 1328 (9th Cir.1987). Furthermore, the violations in question occurred on United States Naval property and section 1385 does not apply to on-base violations by civilians. *See United States v. Banks*, 539 F.2d 14 (9th Cir.1976) (finding that section 1385 does not prohibit military personnel from acting upon on-base violations committed by civilians).

Second, Defendants maintain that taking their photographs and videotaping them caused an unnecessary and unlawful delay in their trials. Again, we stridently disagree. In Vieques, there is a high volume of trespassers arrested each week. The United States Navy and federal law enforcement agencies have instituted a system whereby the risk of misidentification is significantly lessened. While this may create a slight delay in processing, we find the approach to more than justify the mild inconvenience.

Third, Defendants argue that the photographs and videotapes are the unlawful product of the denial of Defendants' right to counsel during an identification procedure and during in-custody procedures designed to compel incriminating evidence from them. We have addressed these contentions in a previous Opinion and Order and see no need to revisit the issue here. *See United States v. Mario Roche-Velázquez*, Criminal No. 00-394, *Docket Document No. 12* (D.P.R. Sept. 5, 2000).

In accordance with the foregoing, we DENY Defendants' motions to suppress.

**IT IS SO ORDERED.**