**UNITED STATES of America Plaintiff,**

v.

**Lucy Magali MILLAN FERRER; Amparo Fidalgo; Josefina Pantojas, Defendants.**

**Criminal Nos. 00–655(JAF), 00–658(JAF), 00–659(JAF).**

United States District Court,
D. Puerto Rico.

Jan. 16, 2001.

Jorge E. Vega–Pacheco, U.S. Attorney's Office District of P.R., Criminal Division, Hato Rey, PR, for plaintiff.

Linda Backiel, San Juan, PR, Janice M. Gutierrez–Lacourt, Rio Piedras, Maria D. Fernos, Hato Rey, PR, for defendants.

### OPINION AND ORDER

FUSTE, District Judge.

Defendants Lucy Magali Millán Ferrer, Amparo Fidalgo, and Josefina Pantojas, were arrested on August 7, 2000, and charged with trespassing on naval property in violation of 18 U.S.C. § 1382 (1984). Immediately following their arrest, federal agents videotaped and photographed Defendants while being accompanied by a naval official. A Magistrate Judge arraigned Defendants in August 2000.

Defendants maintain that the Government had no authority to take their photograph or videotape them. Defendants cite 28 C.F.R. § 20.32 (1979) for the proposition that the Government lacks authority, in cases of misdemeanors such as the present ones, to order or request the taking of photographs or videotapes of persons charged with misdemeanors.[1]

The regulations control the collection and dissemination of information in crimi-

---

**1.** We note that Defendants make other arguments to support their contention. We already have dealt with Defendants' other arguments, *see United States v. Walter Acosta-* *Cartagena,* 128 F.Supp.2d 69 (D.P.R.2000), and solely address the present one in this Opinion and Order.

nal files by law enforcement and other government agencies. *See* 28 C.F.R. §§ 20.1–20.39 (1979). The relevant section for our purposes, section 20.32, provides that information such as fingerprints and photographs of persons accused of non-serious crimes shall not be kept in the federal database. Defendants argue that since they are accused of a misdemeanor, the Government lacked the authority to take their photograph and videotape them.

We disagree. Defendants seem to be conflating two concepts: taking their photograph to use at trial and maintaining the photograph in a federal database. We do not find any violation of the section 20.32 in this case. The photographs and videotapes were taken at the time of arrest and to be used at trial. We find that the system, which the Government is using to ensure that the multitude of defendants associated with the ongoing Vieques saga are not misidentified and to facilitate the processing of the large volume of cases, is functioning efficiently.

In accordance with the foregoing, we **DENY** Defendants' motions to suppress.

**IT IS SO ORDERED.**